## APPEAL OF EDWARD M. LAWRENCE.

Docket No. 3961.   Submitted July 22, 1925.   Decided November 14, 1925.

The burden of proof to show that an assessment has been barred by the statute of limitations is on the taxpayer.

*Ernest H. Griswold, C. P. A.*, for the taxpayer.
*B. G. Simpich, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This appeal is from the determination of a deficiency in income tax for 1918 in the amount of $3,941.60. The question involved is whether assessment of the deficiency is barred by the statute of limitations.

### FINDINGS OF FACT.

The taxpayer is a resident of Rockland, Me. Under date of March 7, 1919, while in Florida, he signed and made oath to a return of his income for the year 1918 on Form 1040, said return showing no net income. On April 29, 1925, the collector at Augusta, Me., acknowledged in writing that the taxpayer's return for 1918 had been located, "which was filed on Form 1040 disclosing no tax liability and is now on file in this office." The return was produced by the Commissioner and submitted in evidence by the taxpayer, but there was nothing on the face thereof to indicate when it was filed. A purported amended return for the year 1918, signed and sworn to June 18, 1924, was forwarded to the Commissioner by the taxpayer's representative on July 14, 1924, showing a tax of $3,941.60, which amount is the deficiency determined by the Commissioner, from which this appeal is taken. The deficiency letter is dated March 11, 1925.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

MORRIS: The taxpayer contends that the facts in this appeal raise a presumption that his return for the year 1918 was filed on or before March 15, 1919, which is conclusive, in the absence of proof by the Commissioner that it was not so filed, and that, therefore, the assessment of the deficiency is barred by section 277 (a) (2) of the Revenue Act of 1924, which reads in part as follows:

The amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1918 * * * shall be assessed within five years after the return was filed, * * *.

We can not agree with his contention. In our opinion t] ˌ statute of limitations on assessment is an affirmative defense and the burden of proving that the assessment has been barred thereby is on those seeking to avail themselves of its benefit. A return showing no tax due, for the year 1918, was filed by the taxpayer prior to the purported amended return, which was forwarded to the Commissioner July 14, 1924, but the date of filing is not stamped thereon, nor was any evidence of the date of its mailing to the collector introduced. We are, therefore, unable to determine that such return was filed more than five years prior to the mailing of the 60-day letter.