CHANDLER et al. v. CUTLER–HAMMER, Inc.

No. 5325.

District Court, E. D. Wisconsin.

Feb. 12, 1940.

Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., for plaintiffs.

Thiess, Olson & Mecklenburger, of Chicago, Ill., and Lecher, Michael, Whyte & Sopher, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

The complaint is by Chandler and Panish as joint plaintiffs, and alleges infringement by defendant of Chandler reissue patent No. 19,445. The defendant filed its answer and also a counter claim for a declaratory judgment, asking that Panish patent No. 1,-747,594 be declared void. Defendant alleges that the plaintiffs have been notifying the trade, including the defendant, of the alleged infringement not only of the Chandler reissue patent, which was the basis of the complaint herein, but also the Panish patent. The plaintiffs filed a reply in the nature of a counter claim, alleging that the Panish patent is valid, and infringed by the defendant. The matter before the court is the motion of defendant for judgment on its counter claim, wherein it asks for a declaratory judgment that said Panish patent is invalid, and for a dismissal of the Panish counter claim with prejudice.

In 1930, a Patent Office interference, No. 60,772, was declared between the then issued Panish patent and Chandler's application for a reissue patent. Pursuant to agreement and stipulation, the conflicting claims were submitted to attorneys as arbitrators, and the parties agreed to abide by their decision. The arbitrators determined Chandler was the prior inventor.

The Patent Office then entered judgment of priority in favor of Chandler on September 19, 1933, and the Chandler reissue patent No. 19,445 was granted on February 5,

1935. This patent contains twenty-five claims that are identical with claims in the Panish patent. Claims Nos. 1 to 18 inclusive, 20, 21, and 30 to 34 inclusive of the Panish patent are included in the claims of the Chandler reissue patent.

The monopoly under Panish No. 1,747,594 expires February 18, 1947, while the monopoly under Chandler reissue No. 19,445 expires July 31, 1945. On April 10, 1933, Panish acquired an exclusive license under the Chandler reissue patent. Panish has never filed a disclaimer in his patent of the twenty-five claims that were included in the Chandler reissue patent.

So we have here a complaint by the owner of the Chandler reissue patent and by the exclusive licensee, who sue for infringement by reason of the defendant's manufacture and sale of remote control mechanisms for the operation of valve controls. Then the defendant, by way of counter claim, brings in the Panish patent No. 1,747,954, which had not been mentioned in the complaint. The defendant asks for a declaratory judgment that the Panish patent be declared invalid. Plaintiffs then reply to the counter claim and in addition, in a counter claim of their own, assert the validity of the Panish patent, infringement by the defendant, and the usual prayer for relief.

The defendant asks leave to amend its answer, and the plaintiffs ask permission to amend their answer to defendant's counter claim, both of which requests are granted. The amendment to the answer alleges that the defendant is estopped by its actions from asserting that Panish patent No. 1,747,594 is invalid.

■ The motion of the defendant is under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a judgment on the pleading, rather than under Rule 56 for a summary judgment. It is fundamental that judgment should not be granted upon the pleadings if there is any question of fact involved. It has been held that questions relative to actual or constructive abandonment are questions of fact (Shipp v. Scott, 7 Cir., 54 F.2d 1019); and every reasonable doubt relevant to such questions should be resolved in favor of the patent (Remington Cash Register Co. v. National Cash Register Co., D.C., 6 F.2d 585). Plaintiff contends that the time an inventor becomes "aware" that his claim is excessive is a question of fact; also that whether there was an unreasonable delay after such ascertainment is likewise a question of fact. Plaintiffs also contend that the major factual issues involved are: (a) whether Chandler or Panish was in fact the first inventor; and (b) whether the structure of the Chandler patent is operative or inoperative. It is apparent that there are questions of fact involved which should not be disposed of on a motion for judgment upon the pleadings.

■ Defendant criticizes the plaintiffs for first relying upon the Chandler reissue patent, and then in their counter claim asserting the validity of the Panish patent. It was the defendant, however, who brought the Panish patent into the case and it is, in effect, pleading in the alternative; that is, that if the Chandler patent should be held to be inoperative, then it is not valid and would not anticipate the Panish patent. It was not until the defendant asserted that the Chandler patent was inoperative and was anticipated by the Panish patent, that Panish asserted his patent as against the defendant.

Undoubtedly the contract between Panish and Chandler would prevent Panish from claiming that the Chandler patent was inoperative as to him, but it does not necessarily follow that he could not set up such a claim as against others who were strangers to the contract.

■ A decision of the Patent Office is not res judicata as between Panish and the defendant, nor does it raise an estoppel. American Graphophone Co. v. Gimbel Bros., D.C., 234 F. 344, at page 359. The court said in that case: "There is no estoppel arising from a decision in interference proceedings in the Patent Office which is binding upon the courts. Such decision is not res judicata * * *."

In Kuhlke Mach. Co. v. Miller Rubber Co., 8 F.2d 614, at page 616, the court said: "It is settled law that decisions of the Patent Office tribunals * * * on interference, are not res judicata. * * * As between parties to the proceeding, they have a certain force and effect."

The leading case undoubtedly is Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L. Ed. 949. The court there said (297 U.S. at page 642, 56 S.Ct. at page 647, 80 L.Ed. 949): "Neither reason nor authority supports the contention that an adjudication adverse to any or all the claims of a patent precludes another suit upon the same claims against a different defendant. * * * the earlier decision * * * is not res

adjudicata and may not be pleaded as a defense."

"* * * there is no occasion for the application of the disclaimer statute until the trial court has itself passed on the validity of the previously adjudicated claims." (297 U.S. at page 648, 56 S.Ct. at page 650, 80 L.Ed. 949.)

The Court of Appeals of this Circuit in the case of John Morrell & Co. v. Doyle, 7 Cir., 97 F.2d 232, at page 235, certiorari denied 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 415, said: "There are numerous authorities in · support of defendants' contention that the proceedings or decisions by the Commissioner of Patents * * * is not final or res adjudicata."

The burden of proving abandonment is always on the party asserting it, and should be proved by clear and convincing evidence. Abrahams v. Universal Wire Co., D.C., 10 F.2d 838; Union Switch & Signal Co. v. Day, 2 Cir., 16 F.2d 4.

It therefore follows that the motion of the defendant for declaratory judgment on its counter claim, and for dismissal of plaintiffs' counter claim as to the Panish patent, must be denied.