**KADYLAK et ux. v. O'BRIEN et al.**

No. 737.

District Court, W. D. Pennsylvania.

March 27, 1940.

Howard H. Whitehead, of Greensburg, Pa., and Joseph Schutzman, of Pittsburgh, Pa., for plaintiffs.

Edward Greb Bauer and John W. Pollins, both of Greensburg, Pa., for defendants O'Brien and Patterson.

James P. Herron and Mulvihill, Gollmar & Herrington, all of Pittsburgh, Pa., for defendant Nicholas Plevel.

GIBSON, District Judge.

Nicholas Plevel, one of the defendants, after answering the complaint, has moved to dismiss the action under Rule 12 (b) (6), Rules of Civil Procedure, 28 U.S. C.A. following section 723c, which provides that a complaint may be dismissed upon motion for failure to state a claim upon which relief can be granted. Rule 12 (b) also provides that a motion making ·any of the defenses detailed therein shall be made before pleading if a further pleading is permitted. The motion, as made, must therefore be denied.

The defendant has not lost his right to object to the pleading by filing an answer to the complaint, but may move for judgment on the pleadings, as provided in Rule 12(c). Upon such a motion judgment is proper only when no issue of fact is raised by the pleadings. If we were to treat the instant motion as made under Rule 12(c), it must still be denied.

The only reference to the defendant Plevel in the complaint which tends to charge him with any negligence which caused the injuries in question is found in the seventh paragraph, which follows: "Seventh: While the said plane was under the charge and control of the said David Patterson and his student, Nicholas Plevel, the said plane was so negligently and carelessly operated that it was permitted to descend from the air and strike the said Peter Kadylak, then of the age of 13 years, on a farm near South Greensburg, breaking his arms, crushing his skull and thereby killing him."

This paragraph is followed by a number of others charging one of the other defendants with the negligent operation of the aeroplane which figured in the accident, and which contradict the allegations as to Plevel in the seventh paragraph. But despite the fact that one part of the complaint contradicts another part, judgment cannot well be rendered in favor of defendant upon the pleadings, as the allegations contained in the seventh paragraph of the complaint, supra, seem to be sufficient. They are practically the same as set forth in Form 10 of the appendix to the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The motion to dismiss the complaint must be denied.