## ULEN CONTRACTING CORPORATION v. TRI–COUNTY ELECTRIC COOPERATIVE.

### No. 71.

District Court, W. D. Michigan, S. D.

June 6, 1940.

Norris, McPherson, Harrington & Waer, of Grand Rapids, Mich., and Parr, Parr & Parr, of Lebanon, Ind., for plaintiff.

Elijah G. Poxson, Jr., and Cummins & Cummins, all of Lansing, Mich., for defendant.

RAYMOND, District Judge.

Subsequent to the motion by defendant for judgment upon the pleadings under Rule 12(c), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, an amended complaint was filed by leave of court. The motion must be disposed of upon the amended pleadings. See Grubbs v. Smith, 6 Cir., 86 F.2d 275; Caterpillar Tractor Co. v. International Harvester Co., 9 Cir., 106 F.2d 769.

It is well settled that a judgment should not be rendered on the pleadings unless the right thereto is clear. Such a motion admits the truth of all well pleaded facts in the pleadings of the opposing party together with all fair inferences to be drawn therefrom. Judgment is proper on the motion only where no material issue of fact is presented by the pleadings. See Chandler v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 451; Kadylak v. O'Brien, D.C., 32 F.Supp. 281. In 49 C.J. 670, it is said: "* * * Such a judgment is allowable not for lack of proof, but for lack of an issue; hence, it is proper where the pleadings entitle the party to recover without proof, as where they disclose all the facts, or where the pleadings present no issue of fact or an immaterial issue."

From a consideration of the amended complaint and of the affidavit attached to the motion, it appears probable that upon the trial material issues will be presented concerning the nature and extent of the authority of alleged representatives of the defendant to make statements with reference to the applicability of the Michigan Use Tax Act to certain construction contracts, and whether by mutual mistake there was omitted from the contracts appropriate provision to save the plaintiff harmless from liability for such tax. It also appears posssible that other issues of fact may be involved.

The obvious purpose of Rule 12(c) of the Rules of Civil Procedure is to save time and expense in cases wherein the ultimate facts are not in dispute. The entry of judgments upon the pleadings in doubtful or close cases will not accomplish that end. See Texas Co. v. Atlantic Refining Co., D.C., 255 F. 417.

An order will be entered denying the motion.