## LACKAWANNA BEEF CO. v. ADOLF GOBEL, Inc.

### No. 447.

District Court, M. D. Pennsylvania.

Dec. 31, 1940.

George Miller, of Scranton, Pa., for plaintiff.

Maurice S. Cantor, of Wilkes-Barre, Pa., for defendant.

JOHNSON, District Judge.

Plaintiff's complaint states a book account for merchandise sold and delivered to defendant on various dates from October 16, 1939, to March 25, 1940, and a balance due from Defendant of $3,007.37. Defendant's answer does not deny the correctness of the items of merchandise claimed sold to defendant or the prices charged therefor. The answer does contain a general denial of any indebtedness whatever to plaintiff, averring that the complaint fails to set forth all credits to which defendant is entitled against plaintiff. Under the caption "Defense", defendant specifically alleges an oral agreement between itself and one I. E. Bernstein, alleged to have acted simultaneously as general manager for plaintiff and for Franklin Beef Company, a Pennsylvania corporation affiliated with plaintiff. By reason of merchandise sold by defendant to Franklin Beef Company, unpaid for by said company, and the above mentioned oral agreement with Bernstein, defendant avers it is entitled to set up as credits these unpaid amounts against a claim by plaintiff for payment on its account against defendant. Such credits, if proper, would entirely extinguish plaintiff's claim.

Subsequent to the filing of defendant's answer plaintiff moved for judgment on the pleadings in accordance with Rule 12 (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Argument was heard in open court and the

matter is now before the court for determination.

Judgment should not be rendered on the pleadings unless the right thereto is clear, Ulen Contracting Corporation v. Tri-County Electric Cooperative, D.C., 1 F.R.D. 284, and a judgment on motion for judgment on the pleadings is proper only where no material issue of fact is presented by the pleadings. Ulen Contracting Corporation v. Tri-County Electric Cooperative, D.C., 1 F.R.D. 284; Chandler et al. v. Cutler–Hammer, Inc., D.C., 31 F.Supp. 451; Kadylak et ux. v. O'Brien et al., D.C., 32 F.Supp. 281.

In deciding whether a material question of fact is raised by the pleadings, it must be remembered that "When a party moves for judgment on the pleadings, he not only for the purposes of his motion admits the truth of all the allegations of his adversary, but must also be deemed to have admitted the untruth of all his own allegations which have been denied by his adversary." Wyman v. Wyman, 9 Cir., 109 F.2d 473, 475.

Applying these principles of law to the present case it is apparent that there are material questions of fact raised by the pleadings. There is a question whether the oral agreement alleged by defendant to have been made between itself and Bernstein was in fact made. There is a question whether Bernstein was general manager of either or both plaintiff company and Franklin Beef Company. There is a question whether Bernstein had authority to make the alleged agreement and so bind plaintiff. There is a question whether there was an accord and satisfaction or series of accords and satisfactions. The answers to these questions are not in the pleadings. It is true that some of the stated questions involve both fact and law, but as long as they do involve a dispute of material facts judgment can not be granted on the pleadings, and all the questions of fact set forth above are material in deciding any existing liability from defendant to plaintiff.

For the foregoing reasons, it is therefore ordered that plaintiff's motion for judgment on the pleadings be, and the same is hereby, denied.

It is further ordered, under the provisions of Rule 7(a) of the Federal Rules of Civil Procedure, that plaintiff shall, not later than February 1, 1941, serve upon the attorney for the defendant a reply to that portion of defendant's answer entitled "Defense".