## EDELMAN v. LOCKER.
### Clv. No. 5021.

District Court, E. D. Pennsylvania.
March 29; 1946.

Nathan I. Miller, of Philadelphia, Pa., for plaintiff.

A. Samuel Buchman, of Philadelphia, Pa., for defendant.

BARD, District Judge.

Plaintiff moves (1) for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, insofar as liability is allegedly admitted in part by the answer, and (2) for dismissal of the counterclaim under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c for failure to state a claim upon which relief can be granted.

The action is brought to recover for merchandise sold by plaintiff to defendant according to an account annexed to the complaint. The account sets forth certain fur garments sold to defendant for which defendant gave to plaintiff a series of notes most of which, plaintiff alleges, are past due and in default.

Defendant's answer denies generally that he is indebted to plaintiff in any sum whatever. In addition, defendant sets forth six separate defenses.

The first defense alleges that plaintiff loaned defendant $1,000 for which defendant executed two $500 notes as evidence of the indebtedness, that plaintiff orally agreed that the loan and the notes were not to become due until December 18, 1945, and that plaintiff would either renew the notes from time to time or would not make demand thereon until that date. Defendant avers that the $1,000 debt appearing in plaintiff's account is not yet due and payable.

The second defense denies liability on the protested check for $300 listed in plaintiff's account. Defendant alleges that there was no separate consideration therefor, that the check was given in payment on account of notes executed by defendant, and that defendant later gave plaintiff $300 in cash which plaintiff agreed to apply on account of defendant's debt and to return the check to defendant.

The fifth defense alleges that the parties entered into an oral agreement in January 1945 by the terms of which defendant delivered to plaintiff certain furs, the value of which plaintiff agreed to credit against defendant's indebtedness. Defendant alleges further that, at that time, plaintiff agreed to postpone presentment of defendant's notes held by plaintiff, and that defendant was to pay one-third of the amount of the notes before the end of October 1945, one-third of the amount of the notes before the end of November 1945, and one-third of the amount of the notes before the end of December, 1945, and that none of these notes was due on the date the complaint was filed.

The third and sixth defenses allege certain payments made to plaintiff and credits due the defendant totalling $1,500 which were not included in the account annexed to the complaint. The fourth defense is, in effect, a counterclaim, not denominated as such, in which defendant alleges an action for breach of contract.

In addition to the various defenses described above, the answer sets forth a counterclaim seeking damages for allegedly slanderous remarks uttered by plaintiff which impaired defendant's credit in the trade so that defendant was unable to obtain merchandise to carry on his business.

Plaintiff did not file a reply to the counterclaim, but filed a motion to dismiss the counterclaim and a motion for judgment on the pleadings.

(1) Motion to Dismiss the Counterclaim.

Plaintiff moves to dismiss the counterclaim under Rule 12(b) (6) on the ground that it fails to state a legal cause of action, that it avers the truth of the charges asserted by plaintiff, and that it fails to assert sufficient facts.

The counterclaim alleges that plaintiff circulated false rumors with respect to the financial responsibility, integrity and honesty of defendant in his business dealings; that the statements were made by plaintiff to dealers in the trade, in particular, to

one Mr. J. Sherman; that plaintiff's statements consisted of averments that defendant was not meeting his business obligations, that defendant had defaulted in his notes, and that plaintiff was going to put the defendant into bankruptcy; that plaintiff's statements were made with intent to and had the effect of injuring defendant's credit in the fur trade; that plaintiff's statements were false in that defendant was solvent and was meeting his business obligations in the normal and usual way; and that, as a result of plaintiff's statements, defendant has been unable to obtain credit in the trade, has been unable to obtain merchandise in the normal and ordinary manner, and has thereby suffered damage.

■ The allegations of the counterclaim include averments that words were spoken by plaintiff, that the words were false, that they were defamatory, and that defendant has been damaged thereby. These allegations sufficiently set forth a cause of action in slander. Sarkees v. Warner-West Corporation, 349 Pa. 365, 37 A.2d 544; Weglein v. Golder, 317 Pa. 437, 177 A. 47; Campbell v. Willmark Service System, Inc., 3 Cir., 123 F.2d 204; see Pollard v. Lyon, 91 U.S. 225, 23 L.Ed. 308.

■ Although the alleged slanderous statements are not set forth in specific words, the tenor of the statements satisfactorily indicates that a prima facie cause of action has been alleged. See Cooper v. Chase & Co., Inc., D.C.S.D.Fla., 2 F.R.D. 381. If the facts alleged are not sufficiently clear to permit plaintiff to plead or defend against the counterclaim, the rules of procedure offer adequate means of obtaining the information required. This is no ground for dismissal. VanDyke v. Broadhurst, D.C.M.D.Pa., 28 F.Supp. 737.

■ After close scrutiny of the counterclaim, I find no support for plaintiff's argument that it contains an averment of the truth of the statements allegedly made by plaintiff. On the contrary, there is a specific averment of their falsity. It may be true that plaintiff had reasonable cause to inquire into the financial responsibility of defendant, but this, in itself, does not establish the truth of plaintiff's statements, nor does it make the counterclaim insufficient in law. The motion to dismiss the counterclaim is denied.

(2) Motion for Judgment on the Pleadings.

■ Rule 12(c) provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Rule 7(a) provides, inter alia: "There shall be a complaint and an answer; and there shall be a reply, if the answer contains a counterclaim denominated as such; * * *." Under Rule 7(a) where the answer contains a counterclaim denominated as such, a reply by the plaintiff is mandatory[1], and, until the reply is filed, the pleadings are not closed. See United States v. Hole, D.C. Mont., 38 F.Supp. 600.

■ It thus appears that under the provision of Rule 12(c), plaintiff's motion for judgment on the pleadings is premature and should not be considered at this time. Defendant's answer includes a counterclaim denominated as such to which plaintiff has filed no reply. Until the reply is filed, the pleadings are not closed and plaintiff cannot invoke the provisions of Rule 12(c). Of course, plaintiff filed a simultaneous motion to dismiss the counterclaim which, if successful, would have cured this defect. The motion to dismiss, however, has been denied and the pleadings are therefore not at an end.

■ In moving for judgment on the pleadings, plaintiff admits, for the purpose of the motion, the truth of all facts averred in the answer. Wyman v. Wyman, 9 Cir., 109 F.2d 473. The motion for judgment on the pleadings is properly granted only when there are no material issues of fact in the pleadings. Geist v. Prudential Ins. Co. of America, D.C.E.D.Pa., 35 F. Supp. 790; Chandler v. Cutler-Hammer, Inc., D.C.E.D.Wis., 31 F.Supp. 451; Kadylak v. O'Brien, D.C., 32 F.Supp. 281. Here, the allegations of the answer raise material questions of fact as to the alleged oral agreements between plaintiff and defendant. Lackawanna Beef Co. v. Adolph Gobel, Inc., D.C.M.D.Pa., 1 F.R.D. 538;

[1] 1 Moore, Federal Practice (1938) § 7.01, p. 424.

Reed v. Turner, D.C.E.D.Pa., 2 F.R.D. 12. The parties are entitled to a hearing on these questions of fact, Equitable Life Assur. Soc. of United States v. Kit, D.C. E.D.Pa., 26 F.Supp. 880; Central Trust Co. of Altoona, Pa. v. Second National Bank of Altoona, Pa., D.C.W.D.Pa., 1 F.R. D. 98, 99, and the motion for judgment on the pleadings must therefore be denied.

The motion for judgment on the pleadings and the motion to dismiss the counterclaim are denied.