DOMINGO CERRA, Plaintiff and Appellee, *v.* DOMINGO MOTTA OSORIO, Defendant and Appellant.

No. 10072. Argued January 9, 1950.—Decided January 31, 1950.

*Juan Nevares Santiago* for appellant. *Antonio J. Matta* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

This proceeding involves a civil action for the recovery of money. Domingo Cerra and his brother Luis Cerra inherited from their mother a rural property which upon being measured gave an area of 369.71 acres (*cuerdas*), but for property tax purposes it appeared as having an area of 377.34 acres. About November 1944 Luis Cerra sold his share to defendant Domingo Motta Osorio by public deed. This share, with an area of 98.86 acres, was segregated the following month. The entire property had, however, a first mortgage with the Federal Land Bank of Baltimore and a second mortgage with the Federal Land Commissioner.

The plaintiff contends that since the defendant was in need of obtaining a mortgage loan from the former of said banks, over the 98.86 acres he had acquired, and since the territoral taxes corresponding to 1943–44 and 1944–45 [1] had not been paid by them nor by their predecessor, although they had been paid by the Federal Bank, the defendant asked him to pay the taxes to the bank for both of them, for otherwise the bank would not grant him the loan; that the plaintiff paid the taxes to the Federal Bank, and subsequently those corresponding to 1945–46, but that despite the fact that the defendant obtained the mortgage loan he has not paid his share of the taxes to the plaintiff although he has been requested to do so. The defendant answered that he had only bound himself to pay his share of the taxes from the date

---

[1] The Treasurer had imposed the taxes on the entire property of 377.34 acres in the name of Mrs. Pilar Becerril widow of Cerra, the predecessor of the plaintiff and his brother.

824

on which he acquired the 98.86 acres from Luis Cerra and that therefore he only owed $418. After a trial, the district court granted the complaint as a whole and ordered the defendant to pay to the plaintiff the sum of $624.38 claimed in the complaint, with interest and costs, plus $100 as attorney's fees.

The appellant maintains in the first place that the lower court erred in overruling his motion for judgment on the pleadings. The record discloses that upon the case being called for trial, the defendant moved the court for judgment on the pleadings and that the latter overruled that motion. Pursuant to Rule 12 (c) of the Rules of Civil Procedure "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Pursuant to subdivision (d) of the same Rule the motion for judgment on the pleadings shall be heard and determined before trial on application of any party.

In construing the preceding subdivisions of Rule 12 continental courts have repeatedly held that on a motion like the one filed herein, the well-pleaded allegations of the complaint are taken to be true and that such a motion must not be granted unless the moving party is clearly entitled to judgment. *Toretta* v. *Wilmington Trust Co.*, 71 Fed. Supp. 281; *Hutchings* v. *Lando*, 7 F.R.D. 668; *Ulen Contracting Corp.* v. *Tri-County Electric Cooperative*, 1 F.R.D. 284; *Lackawana Beef Co.* v. *Adolf Gobel Inc.*, 1 F.R.D. 538; 2 Moore's Federal Practice, 2d edition, p. 2268. It has likewise been decided that where such a motion is granted the order rendered thereunder shall not be disturbed by the appellate court unless the moving party has been prejudiced thereby. *Time, Inc.* v. *Viobin Corp.*, 128 Fed. 2d 860, 6 F.R. Serv. 12c 12, case 1. Also that where the motion is denied, the moving party does not waive his right to said motion by going to trial and introducing evidence on his behalf. *Sinclair Refining Company* v. *Stevens*, 123 Federal 2d 186; Moore's Federal Practice,

*opus* cited, page 2272.[2] We are in agreement with the preceding legal principles. . In this case, defendant's right to the remedy sought was not clear. The lower court, therefore, did not commit the first error assigned.

 In the second place appellant contends that the court *a quo* committed error in the weighing of the evidence. In arguing this error he insists that he was only bound to pay the taxes from the date on which he acquired the property and he argues extensively on this question. He is not right. Section 298 of the Political Code provides that "... real property shall be assessed. . . to the person who is either the owner or in possession thereof on the fifteenth day of January, . . ." See also *National Hats Co.* v. *Sancho, Treas.*, 65 P.R.R. 226, 230; *Buscaglia, Treas.*, v. *Tax Court*, 63 P.R.R. 37, 40; *Teachers' Ass. etc.* v. *Treasurer*, 54 P.R.R. 511, 514. And § 315 that "The tax that is assessed for the current fiscal year, and for the three prior fiscal years, against each piece. . . of real property. . . shall constitute the first lien thereon." . . . It is true that on January 15, 1944 the defendant was not the owner of, nor did he possess the 98.86 acres, but as the property was encumbered by two mortgages, the mortgagees could pay the taxes and add the same to the mortgage lien (§ 333 of the Political Code) thus increasing the liability of the encumbered property.

The evidence of both parties consisted of oral and documentary evidence. Plaintiff's testimony was in short that the defendant requested him to pay all of the taxes due, plus those corresponding to 1945–46, and that the agreement was that the defendant would reimburse him his share thereon as soon as he obtained the aforesaid loan. And defendant's testimony was that he only bound himself to pay the taxes from

---

[2] Cf. *Olivero* v. *Central Cambalache*, 52 P.R.R. 693; *Colón* v. *Plazuela Sugar Co.*, 47 P.R.R. 827; *Berríos* v. *Garáu*, 46 P.R.R. 773; *Rivera* v. *Central Pasto Viejo, Inc.*, 43 P.R.R. 683; *Antonsanti & La Costa* v. *Axtmayer*, 38 P.R.R. 701 and *Ana María Sugar Co.* v. *Castro et al.*, 28 P.R.R. 225.

the date on which he acquired the property. There is in fact sufficient evidence in the record to· support the judgment rendered.

■ Neither did the court err in not refusing jurisdiction on account of the amount. In cases of this nature, the jurisdiction of a court is determined by the amount claimed and not by that which the defendant alleges that he owes to the plaintiff nor by that which is finally the object of the judgment rendered. *Benítez* v. *Benítez*, 64 P.R.R. 720; *Donato* v. *Cruz*, 59 P.R.R. 535. Plaintiff's claim amounted to $624.38. The fact that the defendant alleged that he only owed the plaintiff $418 did not deprive the lower court of jurisdiction.

■ Since the taking effect of Act 94 of May 11, 1937 (Sess. Laws, p. 229) the imposition of costs on the defeated party is mandatory. See also *Sánchez* v. *Cooperativa Azucarera*, 66 P.R.R. 330; *Colón* v. *Asociación Azucarera Cooperativa Lafayette*, 67 P.R.R. 250.

■ Under Act 94, *supra*, attorney's fees shall likewise be imposed on the defeated party if it has been rash. *Figueroa* v. *Picó*, 69 P.R.R. 372. That is always a matter within the discretion of the trial court and we shall not interfere with said discretion unless there has been an abuse thereof. Such abuse is absent here.

The judgment appealed from will be affirmed.