EDWARD J. WATT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
WATT v. COMMISSIONER
Docket No. 8110-76.
United States Tax Court
T.C. Memo 1978-495; 1978 Tax Ct. Memo LEXIS 19; 37 T.C.M. (CCH) 1851-28; December 13, 1978, Filed *19 Respondent determined that petitioner did not file an income tax return for 1972. Petitioner claimed that he did, but refused to provide a copy to respondent's agent. Respondent determined petitioner's income and income tax liability from Form W-2. Petitioner refused to comply with a subpoena directing him to bring a copy of the 1972 return, and relevant books and records to the trial. Held: the statute of limitations does not bar assessment of petitioner's tax liability. Heldfurther: because of petitioner's failure to comply with the subpoena, under the circumstances of this case, petitioner's direct testimony was properly stricken from the record. Heldfurther: failure to shift the burden of proof to respondent does not violate petitioner's constitutional rights. Edward J. Watt, pro se. Marion Malone, for the respondent. CHABOY MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a deficiency in Federal income tax, an addition to the tax under section 6651(a), [1] *20 and an addition to the tax under section 6653(a) against petitioner for 1972, in the amounts of $3,285.09, $122.71, and $164.26, respectively. [2] The issues presented are as follows: (1) whether assessment of a deficiency is barred by the statute of limitations; (2) whether the Court erred in striking petitioner's testimony; and (3) whether the Court erred in denying petitioner's motion to shift the burden of proof to respondent. [3] *21 FINDINGS OF FACT Petitioner was a legal resident of Torrance, California, at the time the petition in this case was filed. Petitioner received $16,992.24 wages from his employer, The Garrett Corporation, in 1972. Respondent did not receive a Federal income tax return from petitioner for 1972. The notice of deficiency was mailed to petitioner on June 1, 1976. OPINION I. Statute of Limitations
Petitioner raises the bar of the statute of limitations. Respondent maintains that no return was filed by petitioner for the taxable year in question and, therefore, the notice of deficiency was timely. We agree with respondent. In general, the statute of limitations bars assessment of an income tax deficiency more than three years after the later of (1) the date the return was filed or (2) the date the return should have been filed. [4] Petitioner maintains that his Federal income tax return for 1972 was filed by mailing on April 9, 1973, and that the notice of deficiency was mailed more than three years after the due date of the return. Respondent concedes that the notice of deficiency was mailed June 1, 1976, more *22 than three years after the due date of the 1972 return, but insists that the notice of deficiency was timely because petitioner failed to file a Federal income tax return for 1972. [5] *23 Petitioner has the burden of proving that the general three-year statute of limitations had run by the time the deficiency notice was mailed. Lawrence v. Commissioner,3 B.T.A. 40 (1925). See Conlorez Corp. v. Commissioner,51 T.C. 467, 473-474 (1968); 10 Mertens, Law of Federal Income Taxation, sec. 57.92 (1976 rev.), pp. 177-181. Petitioner has failed to present any evidence from which we can conclude that he filed a Federal income tax return for 1972. On this issue, we hold for respondent. At trial, petitioner testified that he filed his Federal income tax return for 1972 on April 9, 1973. For reasons appearing below (II. Other Issues,A. Striking of Petitioner's Testimony), his testimony was stricken from the record. Even if we were to take account of the testimony which was stricken, we would conclude that petitioner has failed to meet his burden of proof. Respondent presented extensive evidence on the basis of which we have made a finding that respondent did not receive a 1972 Federal income tax return from *24 petitioner. Petitioner's testimony in this regard was that he had filed the return "approximately" April 9, 1973. When asked what caused him to recall the specific date, petitioner responded "I always file the return a week ahead of time. I do not wait until the last 24 hours. And I don't mail it in earlier, because I may wish to reamend it. I normally fill out my return in late January, early February, and I sit on it until it's due." (Transcript, p. 8.) Petitioner presented no other evidence that the return was filed, or when it was filed, or that it was ever filled out. Petitioner's testimony is as consistent with a conclusion that he forgot to mail his return after filling it out and "sitting" on it, as it is with a conclusion that he did mail his return and that the mailing was timely. Ferguson v. Commissioner,14 T.C. 846 (1950), relied upon by petitioner, is distinguishable. In that case, evidence was introduced on the basis of which this Court was able to find that: Anne signed the 1945 return prepared for her by the bookkeeper and made out a check to the collector for the tax shown thereon on or before March 15, 1946. The bookkeeper then placed the return and the *25 check in an envelope with other returns prepared by him. The envelope bore his return address, was addressed to the collector of internal revenue, Lynchburg, Virginia, and had stamps attached. The bookkeeper placed the envelope in the post office at Lynchburg on March 15, 1945. The office of the collector at Lynchburg has no record of the receipt of the return and the check has not been cashed. Any failure on the part of Anne to file the return was due to reasonable cause and was not due to willful neglect. [14 T.C. at 848.] No such evidence appears in the record in the instant case. [6]
On the basis of the record in the instant case, even if we had not excluded petitioner's testimony, we would conclude that petitioner has failed to satisfy his burden of proof. See Prokop v. Commissioner,254 F.2d 544, 552-553 (CA7 1958), affg. a Memorandum Opinion of this Court; [7]Conlorez Corp. v. Commissioner,supra;Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158 (1946), affd. 162 F.2d 513 (CCA10 1947); Capento Securities Corp. v. Commissioner,47 B.T.A. 691, 697-698 (1942), affd. *26 140 F.2d 382 (CCA1 1944). II.Other Issues
A. Striking of Petitioner's Testimony.
Petitioner testified as to when his Federal income tax return for 1972 was filed. Respondent moved to strike this testimony because petitioner did not comply with a subpoena requiring him to bring copies of his return and other documents to the trial. The Court granted the motion. Petitioner maintains that he was not obligated to comply with the subpoena, and therefore his testimony should not have been stricken. Respondent argues that the testimony was properly stricken. We agree with respondent. Petitioner testified at the trial herein, on May 15, 1978, that he filed his Federal income tax return for 1972 "approximately" April 9, 1973. This testimony weighed directly on an essential issue in this case. A subpoena duces tecum was served on petitioner on May 12, 1978, at 6:15 p.m. The subpoena instructed petitioner to bring to the Court (1) his retained copy of any Federal income tax return prepared or filed for 1972, (2) his retained copy of any California income tax return prepared or filed for 1972, (3) all his workpapers, notes, memoranda, and schedules pertaining to preparation *27 of Federal or California income tax returns for 1972, (4) cancelled checks reflecting payment of Federal or California income taxes for 1972, and (5) deposit slips and bank statements for the year 1972 which reflect deposit of Federal or State income tax refunds. Petitioner did not comply with the subpoena. The following exchange occurred between petitioner and the Court: THE COURT: Mr. Watt, do I take it, then, that if the Court were to continue the case to tomorrow afternoon, you would still not make a search for any of these -- for any of the items that are noted on the subpoena? MR. WATT: Your Honor, to say make a search, opens up a can of worms. I may not even have these documents in my home. THE COURT: Um hm. MR. WATT: I may not even know where to start. THE COURT: Um hm. What I'm asking is, whether you would make a search for these documents, or whether you're resting entirely on your contention that you are not obligated to search for these documents? MR. WATT: I'm stating that I'm not obligated to search for these documents under my Fourth and Fifth Amendment rights -- THE COURT: Um hm. MR. WATT: -- to the U.S. Constitution. [Transcript, pp. 17-18.] Petitioner's refusal *28 had the effect of substantially interfering with respondent's right to cross-examination on the sole subject of petitioner's testimony. It amounted to a refusal to answer questions on cross-examination. The Court concluded at the trial (and now affirms that conclusion) that it would be inequitable to allow petitioner's oral testimony to remain in the record, in view of petitioner's refusal to obey the Court's summons. See Rule 104, Tax Court Rules of Practice and Procedure; Wigmore on Evidence, Vol. V, sec. 1391 (3d ed., Chadbourn rev. 1974). See discussion in part I of this opinion, supra, as to the weight to be given to petitioner's testimony if it had not been stricken. B. Burden of Proof.
On brief, petitioner renews his "motion to exempt Petitioner from Rule 142(a)[8] *29 to shift the burden of proof upon the Respondent." This motion was made twice before by petitioner and denied both times. This motion is again denied.
Petitioner contends that imposing the burden of proof upon him violates his rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution. Imposing the burden on petitioner does not violate his rights under the Fourth and Fifth Amendments. Hartman v. Commissioner,65 T.C. 542, 547 (1975). This case is not a criminal action (see, e.g., Helvering v. Mitchell,303 U.S. 391 (1938)) and so the Sixth Amendment does not apply. In any event, none of the requirements of the Sixth Amendment has been denied to petitioner in this proceeding. The burden of proof also remains on petitioner with respect to the additions to tax under section 6651(a)( Ehrlich v. Commissioner,31 T.C. 536, 540 (1958)) and section 6653(a)( Courtney v. Commissioner,28 T.C. 658, 669-670 (1957)). C. Amounts of Liabilities for Income Tax and Additions to Tax. Petitioner presented no evidence with respect to the amounts of his liability for income tax or for the additions to tax asserted in the notice of deficiency. Since the burden of proof as to all these elements is on petitioner, Decision will be *30 entered for the respondent. Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954, as in effect during the taxable year in issue. 2. Since respondent determined that no return was filed by petitioner, respondent determined a deficiency in the full amount of the asserted tax liability (sec. 6211), but concedes that petitioner is entitled to credit for withholding of $2,794.24 (based on a W-2 form) and has calculated the addition to tax under section 6651(a) as 25 percent of the amount by which the determined deficiency exceeds the determined withheld amount (see sec. 6651(b)). The negligence addition to tax (sec. 6653(a)↩), however, has been computed as 5 percent of the total determined deficiency.
3. Petitioner in his pleadings requested that an injunction be issued against respondent in this case, but did not explain the nature of or reasons for such an injunction. Petitioner did not discuss his injunction request at the trial or on brief, so we conclude that he has abandoned the request.
4. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. (b) Time Return Deemed Filed.-- (1) Early return.--For purposes of this section, a return of tax imposed by this title, except tax imposed by chapter 3, 21, or 24, filed before the last day prescribed by law or by regulations promulgated pursuant to law for the filing thereof, shall be considered as filed on such last day. ↩
5. SEC. 6501. @LIMITATIONS ON ASSESSMENT AND COLLECTION. * * *
(c) Exceptions.-- * * *
(3) No return.--In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.
6. Also contrast the record in the instant case with that in Wells v. Commissioner,T.C. Memo. 1963-40↩.
7. T.C. Memo. 1957-75↩.
8. Rule 142. Burden of Proof. (a) General: The burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court; and except that, in respect of any new matter, increases in deficiency, and affirmative defenses, pleaded in his answer, it shall be upon the respondent. As to affirmative defenses, see Rule 39.