BERNARD T. MEHR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mehr v. Commissioner
Docket No. 3313-77.
United States Tax Court
T.C. Memo 1979-36; 1979 Tax Ct. Memo LEXIS 489; 38 T.C.M. (CCH) 142; T.C.M. (RIA) 79036; January 25, 1979, Filed *489 Held, respondent's motion for judgment on the pleadings, granted. Bernard T. Mehr, pro se. Gerald W. Leland, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case is before us on respondent's motion for judgment on the pleadings. On January 11, 1977, respondent mailed to petitioner a notice of deficiency determining deficiencies and additions to tax as follows: Addition to tax under Year
Deficiency
sec. 6651(a)
sec. 6653(a)
sec. 6654 [1]
1972 $ 293.02
$ 73.26
$ 14.65
$ 2.86
1973
3,549.92
887.48
177.50
34.65
1974
3,172.15
793.04
158.61
30.96
1975
2,352.52
588.13
117.63
22.96
Petitioner filed a petition on April 4, 1977; a copy of the notice of deficiency was not attached. See Rule 34(b)(8), Tax Court Rules of Practice and Procedure (hereinafter "rules"). The petition alleged that to attach the notice of deficiency would be waiving certain constitutional and civil rights. No errors in the notice of deficiency were alleged. As facts upon which petitioner relies, the petition alleged a. Petitioner filed lawful tax returns (attached) in accordance with his constitutional rights as redress *490 of grievances; (b) that issuance of a notice of deficiency forcing him into the position of petitioner to the Tax Court was in violation of due process of law. The petition also requested a trial by jury and counsel of his choice, and petitioner also offered to amend his returns for the years involved to the Commissioner's satisfaction provided that in doing so he was not waiving any of his constitutional rights. Attached to the petition were what purported to be tax returns for Bernard Mehr for each of the years 1972, 1973, 1974, and 1975 and were signed by him. The only dollar figure entered on each of the returns was on line 1, "under $ 740", with a footnote indicating it was expressed in constitutional dollars of gold and silver. The filer refused to answer any questions on the return on grounds of the Fifth and other constitutional amendments.All of these returns were stamped received by the Internal Revenue Service on April 7, 1976, and attached to each was an affidavit signed by Bernard Mehr dated April 7, 1976. Respondent filed an answer to this petition on May 11, 1977, denying most of the allegations or statements in the petition. A copy of the notice of deficiency was *491 attached which indicated that respondent had determined petitioner's income for each of the years 1972-75 by including therein income in specific amounts received from specific sources; i.e., the First District Association and the Department of Agriculture and loans forgiven by the Farmers Home Administration. On June 8, 1978, the case was noticed for trial on the St. Paul, Minn., calendar, as requested by petitioner, starting on September 18, 1978. On July 31, 1978, respondent filed a motion for judgment on the pleadings on the grounds that the petition did not assign any errors in respondent's determination of deficiency and did not allege any facts contesting the correctness of respondent's determination or upon which a determination of petitioner's tax liability could be made. Respondent simultaneously filed a motion to continue the trial of the case. On August 28, 1978, petitioner lodged with the Tax Court an amended petition which was ordered filed when the case was called from the trial calendar in St. Paul. This petition alleged as error in respondent's determination: "a. *492 That the assessment for the years in question is arbitrary, capricious and totally without foundation." The only facts on which petitioner relied were alleged to be (a) that respondent was barred by the statute of limitations for 1972 and 1973, (b) that for the years 1974 and 1975 the "binder [sic] of proof" lies with respondent and it is incumbent on him to commence any action for collection of tax, and (c) petitioner states on oath that he does not owe $ 12,269.34 as income tax for the years in question. Respondent filed an answer to the amended petition on October 10, 1978, in which he denied the allegation in the amended petition and also alleged as a defense to the statute of limitations for 1972 and 1973 that the alleged returns filed by petitioner were not statutory returns which would start the running of the statute of limitations for 1972 and 1973, and, in addition, the alleged returns for those years were not filed until April 7, 1976, so the notice of deficiency was timely for those years. When the case was called on September 19 and 20, 1978, at St. Paul for hearing on respondent's motions, respondent's motion to continue trial of the case was granted and respondent's *493 motion for judgment on the pleadings was taken under advisement. At the hearing on these motions, attended by petitioner pro se, the Court asked petitioner whether he had filed tax returns for the years involved prior to April 7, 1976, and he answered in the negative. The Court then advised petitioner that in its opinion his pleadings did not assign any errors or allege any facts upon which relief could be granted to him and that on the then state of the record it would have to grant respondent's motion for judgment on the pleadings, there being no facts in dispute and no reasons stated in the pleadings for finding error in respondent's determination of deficiencies. However, the Court also advised petitioner that it would hold the record open for 30 days for petitioner to file a second amended petition in compliance with the rules of the Court and setting forth assignments of error in respondent's determination and alleging facts upon which he relied to reflect what he believed to be his correct taxable income for the years involved and to support the assigned errors in respondent's determination.
On October 23, 1978, petitioner filed an "Amended Petition" in which he alleged that *494 the burden was on respondent to prove the averments in the notice of deficiency and alleged as error: (a) That the assessment was arbitrary and capricious; (b) that petitioner did not earn the amount of income alleged in the notice of deficiency; and (c) that the amount of tax set out in the notice of deficiency is incorrect based on the above allegations. As facts upon which he relies, petitioner made the same allegations as made in his first amended petition: (a) That respondent is barred by the statute of limitations for 1972 and 1973; (b) that as to 1974 and 1975 respondent has the "binder [sic] of proof" and it is incumbent on him to commence any action for collection of tax; and (c) upon oath petitioner states that he does not owe $ 12,269.34 as income tax for the years in question.
We must first decide the status of respondent's motion for judgment on the pleadings since it was filed before petitioner filed his amended petitions. The question is whether respondent's motion is applicable to the second set of pleadings or whether we must deny the motion on the ground that the pleadings to which it relates have been superseded. Our research reveals that the former course of action *495 is proper. Ulen Contracting Corp. v. Tri-County Electric Coop.,1 F.R.D. 284 (W.D. Mich. 1940), holds that a motion for judgment on the pleadings under Rule 12(c), Federal Rules of Civil Procedure, must be disposed of upon an amended complaint even though it was filed subsequent to the motion. Inasmuch as Rule 120(a), Tax Court Rules of Practice and Procedure, is based upon the Federal rule relied upon in Ulen Contracting Corp. (see 60 T.C. 1126), we perceive no reason to proceed differently. See Rule 1(a), Tax Court Rules of Practice and Procedure.
As explained in the note accompanying Rule 120(a), a motion for judgment on the pleadings "* * * is appropriate only where the pleadings do not raise a genuine issue of material fact, but rather involve only issues of law. The motion is to be granted only if, on the admitted facts, the moving party is entitled to a decision." Here, it is clear that petitioner's general assignments of error without allegations of the underlying facts upon which he relies fail to raise genuine issues of material fact. Petitioner merely sets forth what he hopes will be the ultimate conclusions of the case. He alleges no facts to support his assignment *496 of error that respondent's determination was arbitrary and capricious and no facts to support his allegation that he did not earn the income set out in the notice of deficiency and did not owe $ 12,269.34 in income tax for the years in issue.
With regard to what might be considered issues of law, it is firmly established that petitioner has the burden of proving error in respondent's determination of deficiencies in tax and additions to tax under sections 6651(a), 6653(a), and 6654 of the Code. Welch v. Helvering,290 U.S. 111 (1933); West Virginia Steel Corporation v. Commissioner,34 T.C. 851 (1960); Marcello v. Commissioner,380 F. 2d 499 (5th Cir. 1967); Reaver v. Commissioner,42 T.C. 72 (1964). It is not incumbent on respondent to commence any action for collection of the tax at this stage of the proceedings. Respondent must comply with the requirements of section 6212 and send the taxpayer a notice of deficiency, and if the taxpayer files a timely petition in the Tax Court, respondent may not assess a deficiency until the decision of the Tax Court has become final. Sec. 6213. If the taxpayer does not file a petition with the Tax Court within the period prescribed, the respondent *497 shall assess the deficiency and it shall be paid upon notice and demand. Sec. 6213(c). Petitioner's allegation that respondent is barred from assessing and collecting deficiencies for 1972 and 1973 is not supported by the record. Petitioner has not alleged when his returns for those years were filed, which he must do to rely on the statute of limitations, see Lawrence v. Commissioner,3 B.T.A. 40 (1925); Refiners Production Co. v. Commissioner,43 B.T.A. 481 (1941), [2] and the record before us indicates that petitioner did not file returns for those years prior to April 7, 1976, so the notice of deficiency for those years was clearly timely. Sec. 6501(a). [3]
All of the constitutional arguments mentioned by petitioner in his pleadings, such as the Fifth Amendment, the right to trial by jury, due process of law, redress of grievances, and income being limited to that received *498 in gold or silver coins, have been found by this Court to be without merit in civil tax cases on many occasions.For a full discussion of these arguments, see Cupp v. Commissioner65 T.C.68 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977). See also Swanson v. Commissioner,65 T.C. 1180 (1976). Since petitioner's pleadings raise no issues of law that would permit us to conclude that respondent's determinations in his notice of deficiency were incorrect, respondent's motion for judgment on the pleadings will be granted. [4]
An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. See also Lockwell v. Commissioner,↩ a Memorandum Opinion of this Court dated Dec. 12, 1951. 3. We need not consider whether the returns petitioner filed were sufficient to start the running of the statute of limitations, but see Gajewski v. Commissioner,67 T.C. 181 (1976), affd. 578 F. 2d 1383↩ (8th Cir. 1978).
4. See Leatherman v. Commissioner,T.C. Memo. 1975-41; Fales v. Commissioner,T.C. Memo. 1975-52↩.