**WELTY v. CLUTE et al.**

District Court, N. D. New York.
March 29, 1939.

On Motion Sept. 19, 1939.

Ferris, Burgess, Hughes & Dorrance, of Utica, N. Y., for plaintiff.

Mandeville, Waxman, Buck, Teeter & Harpending, of Elmira, N. Y., for Warren W. Clute, Jr., and Helen S. Clute, executors under the last will and testament of Warren W. Clute, deceased, and the Watkins Salt Company.

Cobb, Cobb & Simpson, of Ithaca, N. Y., for Cayuga Rock Salt Co., Inc.

BRYANT, District Judge.

Two motions are before the court, one on behalf of defendant, Cayuga Salt Rock Co., Inc., and the other on behalf of the other defendants jointly, to dismiss the complaint or, in lieu thereof, to quash the return of the service of the summons. Several grounds are stated.

It is practically conceded that the decision of the motion hinges upon the determination of whether or not the action is brought under Sec. 57 of the Judicial Code, 28 U.S.C.A. § 118, to enforce a legal or equitable lien upon or claim to real and personal property located in this District.

A study of the complaint leads to the conclusion that the defense made by motion, i. e. that the alleged cause of action is one not brought under Sec. 57 of the Judicial Code, should be heard and determined upon the trial. Therefore, I deny the motions to dismiss and, pursuant to Rule 12(d) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, defer hearing and determination until trial.

Order may be presented.

## On Motion for More Definite Statements and Bill of Particulars.

This matter is before the court upon motion by defendants for more definite statements and Bill of Particulars. The motion also asks that a portion of one of the paragraphs of the complaint be stricken.

The motion to strike, paragraph 2 of the motion papers filed by defendant Cayuga Rock Salt Co., Inc., is denied.

Issue has not as yet been joined. Defendants' right to a more definite statement and Bill of Particulars is limited to matters necessary to enable the drawing of answers. Tully v. Howard, D.C., 27 F.Supp. 6.

Plaintiff has stated that "the undertaking and agreement referred to in paragraph 6 of the complaint is evidenced by correspondence and oral conversations between the plaintiff and Warren W. Clute, deceased, and defendant Watkins Salt Company; that said undertaking and agreement were not embodied in any single written instrument or oral conversations, but were evidenced by a long number of such instruments, writings and conversations, and the

terms and effect of such agreement can be ascertained and determined only after a complete review of such evidence."

The deposition of plaintiff has been taken. Counsel for defendants participated in the examination and cross-examined him at considerable length. The matters mentioned in paragraph 1 of the motion papers must have been covered, or should have been covered, in his direct or cross-examination. If not, they can be obtained more satisfactorily through further examination than through the making of a written statement. That part of the motion is denied.

The information asked for in the requested Bill of Particulars could have been obtained, and presumably was obtained, from plaintiff, during his examination, as fully as he was able to furnish it. Plaintiff states that, in order to prepare for trial, it is necessary for him to obtain evidence through the taking of depositions of defendants and others. I agree with his contention that he should not be required to limit his proof through definite statements in a Bill of Particulars until he has knowledge of all available facts. This seems to be in accord with a ruling made in a companion case in the Western District.

I deny the request for a Bill of Particulars without prejudice to renew.

An Order may be presented.