**TAGER et al. v. GOODSTEIN et al.**
No. 435.

District Court, E. D. New York.
Aug. 22, 1939.

Louis Braun, and M. Daniel Nissenbaum, both of New York City, for plaintiff Charles I. Tager.

Monroe J. Weinstein, of New York City, for defendants Charles B. Goodstein and Autoclinch Co., Inc.

Albert A. Friedlander, of New York City, for defendants Wendell L. Sorenson, Robert Elkan, Leonard Miller, Charles Jackson and Steelclinch Mfg. Corporation.

Dorman & Dana, of New York City, for defendant Bostitch-New York, Inc.

Emanuel R. Posnack, pro se.

CAMPBELL, District Judge.

This is a motion for an order directing the plaintiff Charles I. Tager to serve upon each of the attorneys for defendants, a verified bill of particulars.

This motion is made pursuant to Rule 12 (e) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, which reads as follows: "(e) Motion for More Definite Statement or for Bill of Particulars. Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order

of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just. A bill of particulars becomes a part of the pleading which it supplements."

That rule, in the last paragraph thereof, requires that the moving party point out the defects complained of. This, the notice of motion does not attempt to do, nor is there any statement therein that the information required is necessary to enable the defendants to properly prepare their responsive pleadings, or to prepare for trial.

The notice of motion baldly demands certain information as to certain paragraphs of the complaint.

This is not in compliance with Rule 12 (e), and compliance with the Rules must be required.

For the reasons stated, the motion is denied.