**DYSART et al. v. REMINGTON RAND, Inc.**

**DYSART v. SAME.**

Nos. 3978, 3979.

District Court, D. Connecticut.

Dec. 29, 1939.

Robert P. Butler, of Hartford, Conn., for plaintiffs.

George H. Cohen, of Hartford, Conn., for defendant.

HINCKS, District Judge.

These are two companion actions, to the complaint in each of which an answer has been filed comprising as a first defense a general denial and as defenses second to thirteenth various affirmative defenses coupled with a general denial. To the answer in each case the plaintiff has addresssed a motion denominated "Motion for Judgment on the Pleadings". However, the substance of the motion makes it clear that what the plaintiff seeks is a ruling on the legal sufficiency of defenses two to thirteen. Plaintiff's counsel indicate their own uncertainty as to whether under the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a motion for judgment is appropriate or whether, perhaps, they should proceed by a motion to strike.

I hold that a motion for judgment on the pleadings under Rule 12(c) is not appropriate. For even if it should be held that each and every of the special defenses attacked was insufficient in law, still it would not follow that the plaintiff would be entitled to judgment. For no judgment can enter without trial in view of the pendency of the first defense which is a general denial.

And it is quite clear that a motion to strike under 12(f) is not appropriate. For under the new rules the motion to strike was not designed as an instrument to test the legal sufficiency of a pleading.

Nevertheless, I hold that the plaintiff is entitled to test the legal sufficiency of these defenses. Under Rule 12(b)(6) a defendant may attack the complaint for "failure to state a claim upon which relief can be granted." Consistency requires that a plaintiff may similarly have opportunity to object to a special defense for its failure to state matter which in law constitutes a defense. Clearly a plaintiff, as well as a defendant, may avail himself of motions for more definite statements and motions to strike.

No reason occurs why a plaintiff, like a defendant, may not attack the opposing pleading on the score of its legal insufficiency. In Rule 12(b) the next to the last sentence reads: "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." The language suggests that when the defendant attacks the complaint for its legal insufficiency, his attack is by way of "defense"; that when a plaintiff attacks a special defense for its legal insufficiency, his attack is by way of "objection". This is further borne out by Rule 12(h) where "the defense of failure to state a claim upon which relief can be granted" is treated similarly with "the objection of failure to state a legal defense to a claim".

Of course, under the old equity practice it was permissible to attack the legal sufficiency of an answer by motion, Equity Rule 33, 28 U.S.C.A. following section 723, and the court in its discretion might enter a ruling upon such motions in advance of trial. "This theory is continued under Federal Rule 12", says Moore, page 637. And as Moore observes, page 662, "The defense that no cause of action or the objection that no legal defense has been stated may be made as late as the trial." The observation clearly is warranted by the text of Rule 12(h) and clearly implies that the objection may be made at an earlier stage.

I conclude therefore that the plaintiff's motion will lie even though I think it would have been more accurately entitled as "objections that the special defenses fail to state each a legal defense."

I apprehend that the court under the rules has discretion as to whether it will pass upon such objections in advance of trial. Here it appears to me that rulings on these objections may greatly simplify and shorten the trial; that it is desirable that such rulings should be had. Since the foregoing has equal application to each case, with respect to each it is ordered that the parties shall simultaneously on January 10, 1940, submit their briefs on the merits of the pending objections.