## WYMAN v. WYMAN.
### No. 9230.

Circuit Court of Appeals, Ninth Circuit.

Feb. 14, 1940.

Albert Hilliard, of Reno, Nev. (Harry Gittleson and Martin Koeppel, both of Brooklyn, N. Y., of counsel), for appellant.

Brown & Belford, George S. Brown, and John S. Belford, all of Reno, Nev., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

The appellant and appellee, who, for convenience, will sometimes be referred to as the husband and the wife, intermarried at Greenwich, Connecticut, February 20, 1920. There were no children as a result of the union. The husband alleges that on or about October 25, 1932, he became a resident of the County of Washoe, State of Nevada, and, alleging extreme cruelty, filed in that state on December 12, 1932, a suit for divorce from the appellant. On the same day he filed an "Affidavit for Publication of Summons" in said action, in which he set forth that the defendant therein, Hazel C. Wyman, was a resident of Westhampton Beach, Long Island, New York, and in which permission was requested to make service of the summons by means of publication and mailing or, in lieu thereof, that personal service of said summons upon the defendant outside of the State of Nevada should be the equivalent of completed service by publication and deposit in the post office. An order granting the request was signed by a judge of the court in which the complaint was filed. Personal service of the summons is claimed to have been made on the wife December 15, 1932. Hazel C. Wyman did not answer or appear, and judgment was entered in favor of the husband by the Nevada court on January 17, 1933.

December 30, 1932, the wife commenced an action for separation and for alimony in the Supreme Court of the State of New York, County of Suffolk, against Rodney E. Wyman, appellee here. The husband appeared in the New York action by filing an answer which contained a counterclaim praying for a judgment of separation in his favor. The record does not disclose whether this appearance was made before or after the date of the Nevada divorce decree. On June 2, 1936, a judgment was rendered for the wife in the New York action, separating the wife "from the bed and board" of the husband and ordering the husband to pay the wife $200 per week for her support and maintenance from July 24, 1933, and granting judgment

against the husband for $26,400 for the alimony due and unpaid from July 24, 1933, to May 20, 1936. The judgment was entered on June 10, 1936.

On July 24, 1936, the wife filed this action in the court below to recover on the judgment in the New York action the sum of $26,400 plus interest at 6% from June 2, 1936. She alleged in her complaint that she was a citizen of and resided in New York and that the husband was a citizen of and resided in Nevada, and, in addition, alleged rendition of the judgment in the New York action. The husband answered, admitting the allegations of the complaint, except the date of the commencement of the New York action, the rendition of the judgment therein, the finality thereof, and that the same was due and payable, all of which allegations were denied. As a first affirmative defense, the husband alleged the rendition of the Nevada judgment of divorce. As a second affirmative defense, he alleged that the New York court was without jurisdiction of the subject matter in the New York action. As a third affirmative defense, he alleged that the wife was estopped from bringing an action in Nevada upon the judgment in the New York action and from setting up such judgment in any action brought in Nevada.

The wife's amended reply denied the following allegations in the husband's first affirmative defense: that the husband became on October 25, 1932, and since has been, a resident of and domiciled in Nevada; that on December 15, 1932, the wife was served with process in the Nevada action; and that the judgment in that action has been final, valid, and subsisting and binding on both husband and wife since January 17, 1933. The wife's reply also denied the second and third affirmative defenses. The husband moved for judgment on the pleadings, which was granted and which was entered in favor of the husband on February 24, 1939. This appeal followed.

Nowhere in the pleadings can be found an allegation setting forth the place of the marital domicile. Because of the ruling of the court below on the motion of defendant for judgment on the pleadings there was no proof submitted on this important point. It may be observed, in passing, that the wife filed her suit for separate maintenance in the courts of New York before the entry of the decree of divorce by the Nevada court in the suit filed by the husband in that state, and the husband appeared and filed a counterclaim in that action. At the time such suit was filed the parties were still man and wife.

In Phenix v. Bijelich, 30 Nev. 257, 269, 95 P. 351, 353, it is said: "When a party moves for judgment on the pleadings, he not only for the purposes of his motion admits the truth of all the allegations of his adversary, but must also be deemed to have admitted the untruth of all his own allegations which have been denied by his adversary."

A motion for judgment on the pleadings is permitted by the Federal Rules of Civil Procedure, Rule 12(c), 28 U.S.C.A. following section 723c.

In his first affirmative defense in his answer to the complaint filed herein, the appellee alleged that on or about October 25, 1932, he became a bona fide resident of the State of Nevada, and ever since said date he had been a resident of and domiciled in said state. The appellant denied this allegation by her "Amended Reply to Answer". Under the rule of the Phenix case, supra, we must for the purposes of the motion consider the allegation made by the appellee that he became a resident of and was domiciled in Nevada as untrue. This being so, the court below erred in granting his motion, for, if that allegation were untrue, the Nevada court would not have jurisdiction to entertain the suit for divorce.

The judgment is reversed with instructions to the court below to set aside the order granting the motion for judgment on the pleadings and for trial of the issues of fact raised.