# DAMONTE v. HIGGINS INDUSTRIES, Inc.
## No. 597.

District Court, E. D. Louisiana,
New Orleans Division.
July 28, 1942.

Cameron C. McCann, of New Orleans, La., for plaintiff.

Richard B. Montgomery, Jr., of New Orleans, La., for defendant.

CAILLOUET, District Judge.

Plaintiff's motion for judgment on the pleadings, Rule 12(c) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is not well founded. Its purpose is plainly nothing else than to have the Court first pass upon the legal sufficiency of the answer's thirteen defenses and one counterclaim, decree the alleged insufficiency thereof, and then render judgment in plaintiff's favor "on the pleadings" which, because of such decreed legal insufficiency of the answer would then presumably reveal a case fully made out on its merits.

In the first place, a motion for judgment on the pleadings is not the appropriate method for testing the legal sufficiency of the defenses and the counterclaim. Dysart et al. v. Remington Rand, Inc., D.C.Conn.1939, 31 F.Supp. 296.

But aside from this, even if such motion be considered, *then* all well-pleaded denials and allegations of the answer must be taken as true; and plaintiff's allegations denied by the answer, as false. Beal v. Missouri Pacific R. R. Corporation in Nebraska, 1941, 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577; Wyman v. Wyman, 9 Cir., 1940, 109 F.2d 473.

So taken, no justification whatever appears for the granting of the relief sought. It is only when the right to judgment on the pleadings is clear, that a motion therefor is granted. Geist v. Prudential Ins. Co. of America, D.C.E.D.Pa.1940, 35 F.Supp. 790.

Plaintiff's motion, in the alternative, then seeks to have defendant "required to furnish a bill of particulars setting out the acts on which defendant relies as constituting estoppel, implied assignment, im-

plied license, giving the time and place said acts are supposed to have occurred."

The motion, in this alternative phase, is also fatally defective.

Rule 12(e), F.R.C.P. provides that such a motion for more definite statement or for a bill of particulars is permissible, under certain conditions, whenever "any matter" is "not averred with sufficient definiteness or particularity to enable him [the mover] properly to prepare his responsive pleading or to prepare for trial". But the motion "shall point out the defects complained of and the details desired."

The motion does not suggest that defendant's answer is so indefinite that plaintiff cannot "prepare for trial", i. e. cannot safely frame responsive pleadings; if responsive pleadings are actually required or permissible. Nor does such motion (as necessary result) "point out the defects complained of and the details desired".

Therefore, it may not be granted. Tager et al. v. Goodstein et al., D.C.E.D.N.Y. 1939, 29 F.Supp. 42. See also, in *this* Court, Tatum et al. v. Acadian Production Corporation of Louisiana, 1940, 35 F. Supp. 40.

If pre-trial information be desired, the same may be secured by resort to the deposition and discovery provisions of the Federal Rules of Civil Procedure. Moore's Federal Practice 1, pp. 656, 657; Pearson v. Hershey Creamery Co., D.C.M.D.Pa. 1939, 30 F.Supp. 82; Alropa Corp. v. Heyn, D.C., W.D.Pa.1939, 30 F.Supp. 668.

In view of the premises, plaintiff's motion will be denied, in its entirety.