MONTGOMERY WARD & CO., Inc., v. SCHUMACHER et al.

No. 22394.

District Court, N. D. California, S. D.

Feb. 11, 1944.

Hagar, Crosby & Crosby, Gerald H. Hagar, and W. B. Powell, all of Oakland, Cal., and Stuart S. Ball, John A. Barr, and Fred T. Barrett, all of Chicago, Ill., for plaintiff.

R. J. Lehman, of Chicago, Ill., Leo E. Sievert, of Los Angeles, Cal., Starr Thomas, of San Francisco, Cal., and J. C. Gibson, of Los Angeles, Cal., for defendant Atchison, Topeka & Santa Fe R. Co.

R. E. Wedekind, of San Francisco, Cal., for defendant Southern Pac. Co.

Arthur B. Dunne, C. W. Dooling, and Allan P. Matthew, all of San Francisco, Cal., for defendant S. M. Ehrman, trustee.

Pillsbury, Madison & Sutro and Felix T. Smith, all of San Francisco, Cal., for defendant Railway Express Agency.

Schafer, Holbrook & Hathaway, of Portland, Or., and Sherman & Peters, of San Francisco, Cal., for defendant Consolidated Freightways, Inc.

Fitzgerald, Abbott & Beardsley, M. W. Dobrzensky, and Edward B. Kelly, all of Oakland, Cal., for defendants Merchants Express Corporation.

Douglas Brookman, of San Francisco, Cal., for defendants California Motor Express, Ltd., Carley & Hamilton, Inc., Farnsworth & Ruggles, United Transfer Co.

Reginald L. Vaughan, Arthur L. Shannon, and Sam J. Anderson, all of San Francisco, Cal., for defendants Inter-Urban Express Corporation, Kellogg Express & Draying Co., Peoples Express Co.

Harry A. Encell, of San Francisco, Cal., for defendant Intercity Transport Lines, Inc.

Berol & Handler, of San Francisco, Cal., for defendant Oregon-Nevada-California Fast Freight, Inc.

Phil Jacobson, of Los Angeles, Cal., for defendant Independent Freight Lines, Inc.

GOODMAN, District Judge.

On December 5, 1943, plaintiff, a corporation doing a large mail order business, filed an amended complaint against twenty defendants, some of whom are railroad carriers and others motor vehicle carriers, seeking damages due to a general stoppage of common carrier transportation to and from plaintiff's place of business in Oakland, California, during the period from December 4, 1940 to July 26, 1941, alleged to have been caused and participated in concurrently by defendants, contrary to their obligations as common carriers.

To the amended complaint, the defendants (some collectively, others separately), except Highway Transport, Inc., which answered, interposed the following motions:

1. Motions to dismiss for failure to state a cause of action and on the ground that the cause falls exclusively within the jurisdiction of either the Interstate Commerce Commission or the California State Railroad Commission.

2. Alternative motions to stay proceedings pending an administrative determination of the matters complained of by either or both of the two Commissions.

3. Alternative motions to sever the cause of action as to each of the defendants.

4. Motions to strike certain portions of the amended complaint.

5. Motions for a more definite statement of the matters complained of and/or for bills of particulars.

Motions to dismiss and strike were not filed by defendant Consolidated Freightways, Inc., which confined itself to motions to sever, for a more definite statement and for a bill of particulars.

All of the aforementioned motions, together with a separate motion of the trustee of the defendant, Western Pacific Railroad Co. for dismissal, have been argued, briefed and submitted to the Court for decision.

Summary judgment in favor of the defendant Western Pacific Railroad Co. has been heretofore granted.

### Motions to Dismiss.

After a study of the pleadings and the briefs, I have come to the conclusion that, in the interests of justice, decision on the motions to dismiss should not be made at this stage of the litigation. Plaintiff seeks a large sum by way of damages (in excess of two million dollars) on the ground that its economic life was strangled by the alleged acts of the defendants. In a case such as this, involving as it does a somewhat novel claim of right asserted to have arisen out of concurrent acts of a large number of defendants, the Court should have open to it a wider vista than presented within the four corners of the pleadings, before determining the important question as to whether the plaintiff shall stay in court or not.

By Rule 12(d) of the Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, the Court may order in the case of motions of this kind "that the hearing and determination thereof [may] be deferred until the trial." It has been held that the time when motions to dismiss may be heard or determined is a matter within the discretion of the Court. Schenley Distillers Corp. v. Renken, D.C., 34 F.Supp. 678, 684.

District Courts have frequently invoked the provisions of Rule 12d and, under its authority, have deferred hearing and decision upon similar motions. Welty v. Clute, D.C., 1 F.R.D. 107; Sbicca-Del Mac, Inc. v. Milius Shoe Co., D.C., 36 F.Supp. 623; Gulbenkian v. Gulbenkian, D.C., 33 F.Supp. 19; Banks v. King Features Syndicate, D.C., 30 F.Supp. 352; Kaus v. Huston, D.C., 35 F.Supp. 327. It was aptly stated by District Judge Scott in Kaus v. Huston, supra, at page 330 of 35 F.Supp.: "Rights of action as set forth in [the] pleadings are not always so definite and inclusive as to preclude the necessity of further light from the evidence, hence this Rule (i. e. Rule 12(d) I think is intended to permit the Court to take a larger scope of vision than that merely stated in the pleadings." (Interpolation supplied.)

Accordingly, the Court reserves decision on the motions to dismiss; defendan. ' answers may be filed in due time. R ꜱ 12 (a) (1).

After answers have been filed the Court intends to direct the attorneys to appear for pre-trial conference in accordance with Rule 16. At that time, stipulations and admissions as to facts may well enable the Court to determine both the legal sufficiency of the cause of action and of the defense or defenses asserted.

### Alternative Motions to Stay Proceedings and to Sever.

The ground of the so-called alternative motions to stay proceedings is one of the same grounds urged in support of the motions to dismiss and goes to the jurisdiction of the Court. If the motion to dismiss is ultimately granted, there is, of course, no necessity for considering the motion for stay of proceedings. On the other hand, if the motion to dismiss is denied, the Court will then have determined that it has jurisdiction, in which event a stay of proceedings would not be justified. Therefore the motions to stay proceedings are denied.

The motions to sever the cause of action as to each of the defendants are denied without prejudice to their renewal at pre-trial conference or at the time of trial.

### Motions to Strike.

It does not seem to me that the allegations sought to be stricken have such a remote relationship to the cause of action as to require the granting of the motion under Rule 12(f). Radtke Patents Corp. v. C. J. Tagliabue Mfg. Co., D.C., 31 F.Supp. 226.

Accordingly the motions to strike are severally denied.

### Motions for More Definite Statement and for Bills of Particulars.

I am in accord with the view announced by many District Courts that Rule 12(e) of the Rules of Civil Procedure was not intended to and should not be invoked as a means of exploring and discovering evidence, in view of the procedure set up under Rules 26, 33, 34, 36 and 37. True, Rule 12(e) provides for a more definite statement or for bill of particulars to enable the adverse party "properly to prepare his responsive pleading *or to prepare for trial*." (Emphasis supplied.) However, preparing for trial obviously means gathering and preparing evidence. Clearly, allegations of the complaint must be so ambiguous and unintelligible that the re-

sponding party cannot decide what issues he must meet, before a motion under Rule 12(e) should be granted. The recent decision of Judge Leahy in Best Foods Inc. v. General Mills, Inc., D.C., 3 F.R.D. 275, clearly analyzes the conditions under which Rule 12(e) is operative and is persuasive on this question. See also Mitchell v. Brown, D.C., 2 F.R.D 325; United States v. General Motors Corp., D.C., 2 F.R.D. 346; Damonte v. Higgins Industries, D.C., 2 F.R.D. 486; Tager v. Goodstein, D. C., 29 F.Supp. 42; Wisconsin Alumni Research Foundation v. Vitamin Technologists, Inc., D.C.Cal., 1 F.R.D. 8, Decision of Judge McCormick.

The motions to make more definite and certain and for bills of particulars are all severally denied.

The separate motion of the trustee of the Western Pacific Railroad Co. to dismiss is also denied.