60

Rosario Sepúlveda Widow of Ducheny et al., Plaintiffs and Appellees, *v.* Teobaldo Casanova, Defendant and Appellant.

No. 10208.   Argued December 1, 1950.—Decided January 25, 1951.

*E. Martínez Avilés* and *Isaías M. Crespo* for appellant.   *Luis F. Cuyar* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The plaintiffs brought this action of denial of servitude alleging that the defendant, without any title thereto, "has constructed over the fence he erected between his property above described and plaintiffs', a structure or balcony of considerable importance, which measures approximately some 36 feet along the dividing fence over which it rests, with direct views over and admitting light from the property of the plaintiffs," and that the defendant "constructed said balcony or structure with openings and other apertures, without any title thereto, without the consent of the plaintiffs, and without there being a distance of two meters between said balconies, openings, and apertures and the aforesaid property of the plaintiffs."

In his amended answer the defendant alleged that he had acquired already built the structure referred to in the complaint and accepted that between the balcony or structure of his own and the house of the plaintiffs the distance is less than two meters. He also alleged the following:

"That the defendant intends to close said balcony, opening or aperture, or to demolish the adjoining wall, whichever is most convenient to him, but in order to do it he must apply for a permit from the proper authority, which application he has already made. That, moreover, he must request the tenants of the lower floor of defendant's house to vacate said premises, inasmuch as they will not be able to continue occupying same without any ventilation, which fact will necessarily happen as soon as the defendant closes the balcony referred to by the plaintiffs, and that the defendant has already requested said tenants to vacate the apartments they hold under lease. *The defendant further requires that the questions to be raised below in the corresponding counterclaim be discussed and determined before judgment is entered herein, since until the boundaries and area of the tenements, servient and dominant, of the plaintiffs and of the defendant, respectively, are known, the latter will not know up to what point he may remove, should he choose to do so, the wall in which the balcony, openings, or apertures facing the property of the plaintiffs have been made.*" (Italics ours.)

His answer recites further:

"WHEREFORE, the defendant acquiesces in the complaint filed by the plaintiffs and prays the Hon. Court to grant him a reasonable period of time to close the balcony, openings or apertures referred to by the plaintiffs in the complaint, taking into consideration the time that must elapse for the order to be rendered by the Board of Permits to become final, and until the tenants move or the judgment in the unlawful detainer proceeding which might be necessary to institute against them becomes final, *and in either way, after the questions raised in the following counterclaim are decided: . . ."* (Italics ours.)

The defendant alleged in brief in the counterclaim that the plaintiffs—cross-defendants in turn—had constructed a staircase in their property at a distance of 57–½ centimeters from the fence of the cross–plaintiff and had also made a balcony in the second floor of their house, which balcony is at a distance of only 1 meter 35 centimeters from the fence of his property. He alleged also the following:

"*That between the fence built* by the previous owner of the house in controversy, *which now belongs to this cross-plaintiff and the boundary of the property of the cross-defendants, there is a strip of land of forty-four centimeters* owned by the cross-plaintiff herein, notwithstanding the fact that the front of the lot of the cross-plaintiff herein, on Tres Hermanos Street, measures 27.47 meters, and that from Costoso St. to the fence along Tres Hermanos Street there are only 27.03 meters, *which leads this cross-plaintiff to believe that the missing 44 centimeters are being usurped by the cross-defendants.*" (Italics ours.)

He finally alleged that the cross-defendants, without title thereto, are enjoying a servitude of light and view over the property of the cross-plaintiff against the latter's will.

Before replying to the counterclaim the plaintiffs moved for judgment on the pleadings. Five days later they filed their reply to the counterclaim in which they denied having opened a balcony in the second floor of their house, yet accepted the existence of a balcony in said second floor which

balcony was built by their predecessors in title "about 20 years ago at a distance of less than two meters from the property" of the cross-plaintiff. They also claimed that said balcony had been walled in or closed so as to obstruct the view over the property of the cross-plaintiff; they accepted the existence of the staircase, which was also built about 20 years ago, at a distance of less than two meters between it and the adjacent property, but they denied that they were bound to wall in or demolish said staircase, since structures of this kind are not comprised within the prohibition established by § 518 of the Civil Code. They denied generically the remaining facts alleged in the counterclaim.

Several months later the lower court entered an order granting plaintiffs' motion for judgment on the pleadings and, based thereon, judgment granting the complaint in which the defendant was ordered to demolish, close, or wall in, within 30 days, the balcony existing in the boundary of both tenements in order to make it completely impossible to admit light or direct or oblique views thereby. The court made no pronouncement whatsoever regarding the counterclaim and the reply thereto.

The defendant appealed from said judgment and assigns here, as the only error, that the lower court erred in granting the motion for judgment on the pleadings without taking into consideration the counterclaim.

Rule 12*(c)* of the Rules of Civil Procedures provides that *"After the pleadings are close* but within such time as not to delay the trial, any party may move for judgment on the pleadings." (Italics ours.)

Plaintiffs' motion having been filed five days before replying to the counterclaim was premature. 2 Moore's Federal Practice, 2d ed., p. 2268. It has been held that a motion of this nature can not be made, even as to the complaint and the answer only, when the defendant has alleged a counterclaim and reply, under Rule 7*(a)*, has not been served — *Edelman* v. *Locker*, 6 F.R.D. 272 — inasmuch as

said reply is mandatory, 2 Moore's, *op cit.*, p. 1505 *et seq.*, unless the counterclaim merely adopted the pleadings of the answer and the facts of the complaint which had not been denied in the answer. *Garrett Biblical Institute* v. *American University*, 163 F. 2d 265 (C.A. D.C., 1947). None of these circumstances exists in the case at bar, but taking into consideration the fact that the lower court decided plaintiffs' motion long after their reply to the counterclaim had been filed, we pass on the decide whether it erred in entering judgment on the pleadings in the manner it did, namely, granting the complaint only.

██ The admissions contained in defendant's answer to the complaint were conditioned upon the determination of the facts he alleged in his counterclaim. He stated thus expressly upon requesting "that the questions to be raised below in the corresponding counterclaim be discussed and determined before judgment is entered herein" and in said counterclaim he alleged facts which in the reply thereto were denied and accepted alternatively or denied generically, besides including an affirmative pleading to the effect that the balcony of the plaintiffs had been walled in. Therefore, this was not a case in which plaintiff's right clearly warranted a judgment on the pleadings. *Cerra* v. *Motta*, 70 P.R.R. 822 and cases therein cited. Moreover, it has been decided that a motion such as the one filed in this case is not the appropriate method for testing the legal sufficiency of the defenses and the counterclaim. *Damonte* v. *Higgins Industries, Inc.*, 2 F.R.D. 486 D.C. E.D. La., 1942; *Cf. Dysart* v. *Remington Rand, Inc.*, 31 F. Supp. 296 (D.C. Conn., 1939).

██ If the determination of the right of the plaintiffs herein depended on whether there actually existed or not a distance of two meters from the boundary of the properties of the parties up to the site where the balcony referred to in the complaint was constructed, and if besides, there was a conflict with respect to the facts alleged in the counter-

claim, which for the purposes of the motion must be taken as admitted, judgment on the pleadings did not lie. As stated by Moore, *op. cit.*, at page 2269: ". . . a motion for judgment on the pleadings must be sustained by the undisputed facts appearing *in all* the pleadings, supplemented by any facts of which the court will take judicial notice. For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false." And see *First Nat. Bank* v. *Conway Road Estates Co.*, 94 F. 2d 736 (C. A. 8, 1938); *Art Metal Const. Co.* v. *Lehigh Structural Steel Co.*, 116 F. 2d 57 (C. A. 3, 1940); *Friedman* v. *Washburn Co.*, 145 F. 2d 715 (C.A. 7, 1944); *Wyman* v. *Wyman*, 109 F. 2d 473 (C. A. 9, 1940). However, such admissions are only for the purposes of the motion and not final and conclusive in such a way as to amount to a waiver of any factual issue which must be determined by the evidence in the trial. *M. Snower & Co.* v. *United States*, 140 F. 2d 367 (C. A. 7, 1944).

The judgment will be reversed and the case remanded for further proceedings.

Mr. Justice Snyder did not participate herein.