ROSARIO SEPÚLVEDA VDA. DE DUCHENY y ENRIQUE RAFAEL DUCHENY, demandantes y apelados, *v.* TEOBALDO CASANOVA, demandado y apelante.

Núm. 10208.—*Sometido:* Diciembre 1, 1950.   *Resuelto:* Enero 25, 1951.

*E. Martínez Avilés* e *Isaías M. Crespo,* abogados del apelante; *Luis F. Cuyar,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Los demandantes iniciaron esta acción sobre negatoria de servidumbre alegando que el demandado, sin título alguno para ello, "ha construído sobre la verja que ha edificado en el límite de su finca antes descrita y la de los demandantes una estructura o balcón de considerable importancia, que mide aproximadamente unos 36 pies a lo largo de la verja divisoria sobre la cual descansa, con vistas rectas sobre y que recibe luces de la finca de los demandantes", y que el demandado "construyó dicho balcón o estructura con huecos y otras aberturas, sin título alguno para ello, sin el consentimiento de los demandantes y sin que medie una distancia de dos metros entre dichos balcones, huecos y aberturas y la referida propiedad de los demandantes."

En su contestación enmendada, el demandado alegó que había adquirido ya construída la edificación a que se refiere la demanda y aceptó que entre el balcón o estructura de su propiedad y la casa de los demandantes no media la distancia de dos metros. Alegó además lo siguiente:

"Que el demandado se propone cerrar dicho balcón, hueco o abertura, o destruir la pared colindante, según mejor convenga a los intereses del demandado, pero que para ello tiene que soli-

citar un permiso de la autoridad correspondiente, solicitud que ya ha hecho y además, tiene necesidad de solicitar de los inquilinos que ocupan la planta baja de la casa del demandado, que desocupen la misma, ya que dichos inquilinos no podrán continuar ocupando dicho local privados de toda ventilación, hecho que necesariamente tendrá que ocurrir tan pronto como el demandado proceda a cerrar el balcón a que se refieren los demandantes, y que ya el demandado se ha dirigido a dichos inquilinos para que desocupen los apartamientos que tienen allí alquilados, *necesitando además, el demandado, que se ventilen y diluciden antes de que se dicte sentencia en este caso, las cuestiones que han de plantearse a continuación en la correspondiente contrademanda, ya que hasta que se conozcan los límites y cabida superficial de los predios, sirvientes y dominantes, de los demandantes y del demandado, respectivamente, no sabrá este último hasta qué punto retirar, si optare por ello, la pared en que han sido abiertos el balcón, huecos o aberturas, que dan a la propiedad de los demandantes."* (Bastardillas nuestras.)

Continúa su contestación diciendo:

"POR VIRTUD DE LO EXPUESTO, el demandado se allana a la demanda presentada por los demandantes y solicita del Hon. Tribunal que le conceda el tiempo razonable para cerrar el balcón, huecos o aberturas a que se refieren los demandantes en la demanda, tomando en consideración el tiempo que ha de transcurrir hasta que la resolución que dicte la Junta de Permisos sobre Construcciones quede firme, y hasta que se muden los inquilinos o se haga firme la sentencia de desahucio que fuera necesaria incoar contra ellos, *y en una u otra forma, después que se resuelvan las cuestiones planteadas en la siguiente CONTRADEMANDA: . . ."* (Bastardillas nuestras.)

En la contrademanda el demandado alegó, en síntesis, que los demandantes—contrademandados a su vez—habían construído una escalera en su propiedad a 57½ centímetros de la verja del contrademandante y también habían abierto un balcón en la segunda planta de su casa, el cual está construído a sólo un metro 35 centímetros de la verja de su propiedad. Alegó además lo siguiente:

"*Que entre la verja construída* por el anterior dueño de la casa objeto de esta controversia, *propiedad ahora de este con-*

*trademandante y la colindancia de la finca de los contrademan-*
*dados, existe una faja de terreno de cuarenta y cuatro centí-*
*metros* propiedad del aquí contrademandante, a pesar de que el
frente del solar del aquí contrademandante, en la Calle Tres
Hermanos, es de 27.47 metros, y que de la Calle Costoso a la
verja a lo largo de la Calle Tres Hermanos, hay solamente 27.03
metros, *lo que induce a creer a este contrademandante, que los*
*44 centímetros que faltan están siendo usurpados por los con-*
*trademandados.*" (Bastardillas nuestras.)

Alegó por último que los contrademandados, sin título
para ello, están gozando de una servidumbre de luces y vistas
sobre la propiedad del contrademandante contra la voluntad
de éste.

Antes de contestar la contrademanda, los demandantes
radicaron una moción solicitando que la corte dictara senten-
cia por las alegaciones. Cinco días después radicaron su con-
testación a la contrademanda en la cual negaron que ellos
hubieran abierto un balcón en la segunda planta de su casa,
pero aceptaron que en dicha segunda planta existía un balcón
que fué construído por sus antecesores en título "hace alre-
dedor de veinte años a menos de dos metros de la finca" del
contrademandante y alegaron además que dicho balcón había
sido tapiado o clausurado en forma que no se perciban vistas
sobre la finca del contrademandante; aceptaron la existencia
de la escalera, la cual también fué construída hace como
veinte años, sin mediar dos metros entre ella y la finca con-
tigua, pero negaron que tuvieran la obligación de tapiar o
destruir dicha escalera, ya que estructuras de esta natura-
leza no están comprendidas en la prohibición que establece el
artículo 518 del Código Civil. En cuanto a los demás hechos
alegados en la contrademanda, los negaron en forma genérica.

Varios meses después la corte inferior dictó una resolu-
ción declarando con lugar la moción de los demandantes sobre
sentencia por las alegaciones y, a base de ella, sentencia de-
clarando con lugar la demanda en la cual se ordenó al deman-
dado a destruir, clausurar o tapiar, dentro de un término de

treinta días, el balcón que existe en la colindancia de ambos predios en tal forma que sea completamente imposible lograr luces ni vistas rectas u oblicuas por el mismo. La corte no hizo pronunciamiento alguno sobre la contrademanda y su contestación.

Contra la sentencia así dictada interpuso apelación el demandado y en este recurso alega, como único error, el a su juicio cometido por la corte inferior al declarar con lugar la moción para que se dictara sentencia por las alegaciones, sin tomar en consideración la contrademanda.

La Regla 12 (c) de las de Enjuiciamiento Civil dispone que *"Después que se hayan formulado las alegaciones*, pero dentro de un plazo que no demore el juicio, cualquier parte puede solicitar que se dicte sentencia por las alegaciones." (Bastardillas nuestras.)

La moción de los demandantes, al ser radicada cinco días antes de haber ellos contestado la contrademanda, fué prematuramente presentada. 2 Moore's *Federal Practice,* 2da. ed., pág. 2268. Se ha resuelto que una moción de esta naturaleza no puede hacerse, aun en cuanto a la demanda y la contestación únicamente, cuando el demandado ha alegado una contrademanda y una réplica, bajo la Regla 7 (a), no ha sido notificada—*Edelman* v. *Locker*, 6 F.R.D. 272— ya que dicha réplica es mandatoria, 2 Moore's, ob. cit., pág. 1505 *et seq.*, a menos que la contrademanda se limitara a adoptar las alegaciones de la contestación y los hechos de la demanda que no hubieren sido negados en la contestación. *Garrett Biblical Institute* v. *American University*, 163 F.2d 265 (C.A. D.C., 1947). Ninguna de estas circunstancias existe en el caso de autos, pero tomando en consideración el hecho de que la corte inferior resolvió la moción de los demandantes mucho después de haberse radicado su contestación (réplica) a la contrademanda, pasamos a resolver si erró al dictar sentencia por las alegaciones en la forma en que lo hizo, es decir, declarando con lugar la demanda únicamente.

■■ Las admisiones contenidas en la contestación del demandado a la demanda estaban condicionadas a la determinación de los hechos alegados por él en su contrademanda. Así lo hizo constar expresamente al solicitar "que se ventilen y diluciden antes de que se dicte sentencia en este caso, las cuestiones que han de plantearse a continuación en la correspondiente contrademanda" y en ésta alegó hechos que en la contestación a la misma fueron negados y aceptados en forma alternativa o negados en forma genérica y se incluyó además una alegación afirmativa en cuanto a que el balcón de los demandantes había sido tapiado. No era éste, pues, un caso en el cual el derecho de los demandantes fuera en tal forma claro que justificara una sentencia por las alegaciones. *Cerra* v. *Motta*, 70 D.P.R. 861 y casos en él citados. Se ha resuelto, además, que una moción como la presentada en este caso no es el método apropiado para determinar la suficiencia legal de las defensas y de la contrademanda. *Damonte* v. *Higgins Industries, Inc.*, 2 F.R.D. 486 (D.C. E.D. La., 1942) ; *cf. Dysart* v. *Remington Rand, Inc.*, 31 F.Supp. 296 (D.C. Conn., 1939).

■ Si la determinación del derecho de los demandantes en este caso dependía de que en efecto existieran o no los dos metros de distancia desde la colindancia de las fincas de las partes hasta el sitio en que se construyó el balcón a que se hace referencia en la demanda, y si además, existía una controversia en cuanto a los hechos alegados en la contrademanda, los cuales a los efectos de la moción tienen que darse por admitidos, no procedía una sentencia por las alegaciones. Como dice Moore, ob. cit., a la pág. 2269: ". . . una moción sobre sentencia por las alegaciones debe sostenerse por los hechos incontrovertidos que aparezcan *en todas* las alegaciones, suplementadas con cualesquiera hechos de los cuales la corte pueda tomar conocimiento judicial. A los efectos de la moción todos los hechos materiales bien alegados de la alegación contraria de la parte deben tenerse como ciertos, y todas las alegaciones de la parte promovente

que hayan sido negadas se tendrán como falsas." Y véanse *First National Bank of Wellston* v. *Conway Road Estates Co.*, 94 F.2d 736 (C.C.A. 8, 1938) ; *Art Metal Const. Co.* v. *Lehigh Structural Steel Co.*, 116 F.2d 57 (C.C.A. 3, 1940); *Friedman* v. *Washburn Co.*, 145 F.2d 715 (C.C.A. 7, 1944); *Wyman* v. *Wyman*, 109 F.2d 473 (C.C.A. 9, 1940). Sin embargo, esas admisiones son únicamente a los fines de la moción y no finales y conclusivas en tal forma que constituyan una renuncia a cualquier controversia material que deba determinarse por la prueba en el juicio. *M. Snower & Co.* v. *United States*, 140 F.2d 367 (C.C.A. 7, 1944).

*Debe revocarse la sentencia y devolverse el caso para ulteriores procedimientos.*

El Juez Asociado Sr. Snyder no intervino.