**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity for the State Bank of Morgan, Plaintiff,**

v.

**BANCINSURE, INC., Defendant.**

No. Civ. 3–91–54.

United States District Court,
D. Minnesota,
Third Division.

July 30, 1991.

Marshall H. Tanick and Patricia D. Alton, Mansfield & Tanick, Minneapolis, Minn., for plaintiff.

Donald J. Brown, Winthrop & Weinstine, St. Paul, Minn., for defendant.

1. Discovery is defined within section 3 of the bond as:

## MEMORANDUM OPINION AND ORDER

DEVITT, District Judge.

### Introduction

Plaintiff Federal Deposit Insurance Corporation (FDIC), appointed receiver of the State Bank of Morgan, Minnesota, commenced this action to recover under fidelity bonds issued by defendant BancInsure, Inc. Plaintiff moves the court to enter summary judgment against two affirmative defenses asserted by defendant as well as defendant's counterclaim. Specifically, plaintiff attacks defendant's reliance upon (1) a contractual limitation of actions provision contained in the fidelity bond and (2) the "alter ego" defense. Defendant moves for summary judgment on the ground that the contractual limitations period bars plaintiff's claim.

For the reasons set forth below, the court grants plaintiff's motion for partial summary judgment against the limitation of actions defense and defendant's counterclaim. The court accordingly denies defendant's motion for summary judgment to the extent it hinges upon the contractual limitations period. The court postpones ruling upon the parties' motions insofar as they pertain to the "alter ego" defense.

### Background

Defendant issued a fidelity bond to the State Bank of Morgan (the bank) in March, 1986. Under the bond, defendant agreed to indemnify the bank for, *inter alia*, "[l]oss resulting directly from dishonest or fraudulent acts committed by an Employee acting alone or in collusion with others." Plaintiff's Exhibit 4 at 2. The bond contains a limitation of actions provision at section 5(d) which provides:

Legal proceedings for the recovery of any loss hereunder shall not be brought prior to the expiration of 60 days after the original proof of loss is filed with the Underwriter or after the expiration of 24 months from the discovery of such loss.

*Id.* at 5.[1]

On December 2, 1987, the bank notified defendant of a loss resulting from the dis-

occur[ring] when the insured first becomes aware of facts which would cause a reasonable person to assume that a loss of a type

honest acts of the bank's president and majority stockholder, Dennis Albertson (Albertson). Commencing in early 1984 and continuing through some time in 1987, Albertson orchestrated several accommodation loans to other persons, including various relatives, totalling approximately $431,-747. Unbeknownst to the bank's directors or other officials, Albertson received the proceeds of these various loans and misappropriated them to his own use.

An FDIC examiner disclosed the existence of the accommodation loans in a written report of examination completed on or about May 8, 1987. On July 22, 1987 the FDIC discussed these loans with the bank's board of directors. The FDIC commenced serving as receiver for the bank on March 18, 1988. One week later, plaintiff submitted a proof of loss to defendant, requesting that defendant indemnify it against the entire $431,747 balance of the accommodation loans. Plaintiff subsequently revised the amount of loss it allegedly incurred to $300,199.11. Defendant denied liability under the fidelity bond.

### Discussion

Plaintiff commenced this action on January 30, 1991. Defendant subsequently filed an answer asserting a number of affirmative defenses and a single counterclaim. Plaintiff argues that summary judgment is appropriate against two of the affirmative defenses asserted by defendant. First, plaintiff argues that a six-year statute of limitations contained within the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), not the two-year limitations period of the bond, applies. Plaintiff contends that its cause of action survives under the FIRREA limitations period. Second, plaintiff contends that Minnesota law does not recognize the alter ego defense. Finally, plaintiff argues that summary judgment is appropriate against defendant's counterclaim because it is redundant and seeks no affirmative relief.

Defendant moves for summary judgment based upon the bond's two-year limitations period. Defendant contends that the contractual period applies because FIRREA's limitations period may not be applied retroactively. Defendant further argues that the alter ego defense subsists under Minnesota law. Finally, defendant maintains the viability of its counterclaim.

### A.

The court analyzes the pending motions mindful of the now-familiar standards for deciding summary judgment motions. Summary judgment is appropriate where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *see also Loudermill v. Dow Chemical Co.*, 863 F.2d 566, 571 (8th Cir. 1988). To survive a summary judgment motion, the non-moving party need only present evidence from which a jury might return a verdict in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 254–55, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.*, 477 U.S. at 255, 106 S.Ct. at 2513.

### B.

The court first analyzes whether FIRREA's limitations period applies retroactively. Retroactive application is necessary because all events precipitating plaintiff's cause of action occurred prior to the passage of FIRREA. The limitations period at issue is found at 12 U.S.C. § 1821(d)(14)(A) and provides:

**(A) In general**

Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—

(i) in the case of any contract claim, the longer of—

covered by [the] bond has been or will be incurred, regardless of when the act or acts causing or contributing to such loss occurred, even though the exact amount or details of loss may not then be known.
Plaintiff's Exhibit 4 at 5.

(I) the 6–year period beginning on the date the claims accrues; or

(II) the period applicable under state law ...

Neither the United States Supreme Court nor our Eighth Circuit Court of Appeals has addressed whether this provision applies retroactively. Resolution of this matter is further complicated as neither court has elucidated consistent principles to guide this court's retroactivity analysis. In *Bradley v. School Board of the City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Court instructed "that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Id.* at 711, 94 S.Ct. at 2016. More recently, in *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the Court expressed support for the opposite view that "congressional enactments ... will not be construed to have retroactive effect unless their language requires this result." *Id.* at 208, 109 S.Ct. at 471; *see Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, ——, 110 S.Ct. 1570, 1591, 108 L.Ed.2d 842 (1990) (acknowledging tension between *Bradley* and *Bowen* ); *Simmons v. Lockhart,* 931 F.2d 1226, 1229–30 (8th Cir.1991) (same). Though our Eighth Circuit has, on occasion, expressed a preference for the latter view, *see, e.g., Simmons,* 931 F.2d at 1230; *Criger v. Becton,* 902 F.2d 1348, 1353–55 (8th Cir.1990), the court recently applied FIRREA to a case pending on FIRREA's effective date. *Ward v. Resolution Trust Corp.,* 901 F.2d 694, 694–95 (8th Cir.1990).

■ District courts which have addressed this issue have held that FIRREA's limitations period applies retroactively so long as retroactive application does not revive a "stale" claim. *Resolution Trust Corp. v. Krantz,* 757 F.Supp. 915, 920–22 (N.D.Ill.1991), *motion for reconsideration denied,* 1991 WL 35514 (March 11, 1991); *Federal Deposit Insurance Corp. v. Howse,* 736 F.Supp. 1437, 1445–46 (S.D.Tex. 1990); *but see Federal Deposit Insurance Corp. v. Cherry, Bekaert & Holland,* 742 F.Supp. 612, 615–16 (M.D.Fla.1990) (holding that FIRREA's limitations provision does not apply retroactively). Claims are considered stale or dead if the applicable limitations period, be it contractual or statutory, expired prior to the FDIC's appointment as receiver. It is irrelevant whether the claim expired prior to FIRREA's passage. *Krantz,* 757 F.Supp. at 921–22; *Howse,* 736 F.Supp. at 1447. In the absence of specific and controlling authority, this court finds the *Krantz* and *Howse* decisions persuasive and adopts the view that FIRREA's statute of limitations may be applied retroactively. The court forgoes further discussion as it finds the above authorities adequately canvass the significant arguments.

■ Here, the court is unable to ascertain from the pleadings and briefs on file the date upon which officials with the bank discovered the fraudulent and dishonest nature of Albertson's conduct. Defendant contends that discovery occurred July 22, 1987, when the FDIC met with the bank's board of directors and discussed the accommodation loans. The court accepts, *arguendo,* defendant's discovery date. Under defendant's view, the applicable contractual limitations period would have expired July 22, 1989. The FDIC was appointed receiver on March 18, 1988, well before the expiration of the two-year period under the bond. As noted earlier, plaintiff commenced this contract action January 30, 1991, well within the six-year period under FIRREA. The court thus will grant plaintiff's motion for partial summary judgment against defendant's statute of limitations defense.

## C.

[3] The court next addresses plaintiff's motion for partial summary judgment against the "alter ego" defense asserted by defendant. At this date, the law in Minnesota concerning the alter ego defense is obscure. In the past, the Minnesota Supreme Court has expressed support for the application of the alter ego defense. *Red Lake County State Bank v. Employer's*

*Insurance of Wausau,* 874 F.2d 546, 549–50 (8th Cir.1989) (*citing Farmers & Merchants State Bank of Pierz v. St. Paul Fire & Marine Insurance Co.,* 309 Minn. 14, 242 N.W.2d 840 (1976)). However, a recent decision of the Minnesota Court of Appeals appears to reject or severely limit the applicability of the alter ego defense. *Transamerica Insurance Co. v. Federal Deposit Insurance Corp.,* 465 N.W.2d 713, 715–16 (Minn.Ct.App.1991). The Minnesota Supreme Court has granted review of the Court of Appeals decision.

As the law in Minnesota is unclear concerning the availability of the alter ego defense, and because it appears as though the Minnesota Supreme Court will soon address squarely this issue, the court will postpone ruling upon the motions in this respect until after the Minnesota Supreme Court renders its decision.

### D.

■ Finally, plaintiff moves to dismiss defendant's lone counterclaim. The counterclaim seeks a declaration "... that the FDIC is not entitled to indemnity from BancInsure pursuant to the Bonds referenced in the FDIC's complaint or otherwise." This counterclaim seeks the same result as defendant's denials and affirmative defenses. As such, it is redundant, and the court will grant plaintiff's motion to dismiss it without prejudice.

### Conclusion

Based upon the files, briefs, and arguments of counsel,

IT IS ORDERED that:

1. Plaintiff's motion for partial summary judgment against defendant's contractual limitations defense is GRANTED;

2. Defendant's motion for summary judgment, to the extent it depends upon the contractual limitations defense, is DENIED;

3. The court postpones ruling upon the parties' motions to the extent they implicate the alter ego defense pending outcome of the Minnesota Supreme Court's review of *Transamerica Insurance Co. v. FDIC,* 465 N.W.2d 713 (Minn.Ct.App.1991);

4. Plaintiff's motion to dismiss defendant's counterclaim is GRANTED WITHOUT PREJUDICE.