# FEDERAL DEPOSIT INSURANCE CORPORATION

v.

## Bill DANIEL et al.

### No. 1:92–CV–347.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 28, 1994.

---

Cynthia J. Thompson, Cristina P. Solomon, Thompson & Solomon, Robert Rosenberg, FDIC, Houston, TX, for plaintiff.

Joe H. Reynolds, Robin C. Gibbs, Jeffrey C. Alexander, Gibbs & Ratliff, Houston, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

The Federal Deposit Insurance Corporation (FDIC), receiver of insolvent First State Bank, Liberty, Texas, files suit in its corporate capacity against sixteen former directors for breach of fiduciary duty, negligence, gross negligence, and breach of agreement, for the years 1983–1989, as well as for malpractice against an attorney and his law firm.

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), failure to state a claim, have been filed by defendants Bill Daniel, Michael H. Johnston, Robert A. Wiggins, Douglas Taylor, Ellis L. McKay, Dani D. Haberle, Patricia Dismukes Mullins, Paul Crutchfield, and Albert L. Delaney, Jr., as well as by H.C. McCarty and Charles R. Wiggins, individually. (Defendant Charles R. Wiggins has also filed a motion, in the alternative, for more definite statement.) Defendants also argue the preclusive effects of the Texas business judgment rule and the applicable statute of limitations.

This court has set aside its earlier memorandum opinion on the above and now rules on parties' motions to reconsider.

■ We begin by noting that the "overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing the underlying factual details on the discovery process." 5A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1376. Pleadings are intended simply to put the defendant on notice of the basic nature of the plaintiff's case and give a general idea of what defenses he will face. *Id.* at § 1375. At this point in time, all the defendant's have been notified as to the loan transactions on which the plaintiff has brought suit against them. Furthermore, at the Case Management Conference of January 6, 1993, plaintiff agreed to furnish all the defendants with specifics within thirty days. Consequently, the purpose of a Rule 12(e) motion would seem to be accomplished, and defendant Wiggins' motion for more definite

statement is denied without prejudice and with leave to renew once the plaintiff has completed discovery. *See, generally,* In *Barrett v. National Malleable & Steel Castings Co.,* 68 F.Supp. 410, 417 (D.C.Pa.1946) (information solely in the defendant's knowledge and plaintiff could only furnish particulars by discovery of defendant); In *Welty v. Clute,* 1 F.R.D. 107 (D.C.N.Y.1939).

■■■ The Supreme Court has held that a complaint "should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Oaxaca v. Roscoe,* 641 F.2d 386, 391 (5th Cir.1981) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)) (emphasis added). The allegations contained in the complaint must be taken as true. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081–82, 31 L.Ed.2d 263 (1972).

The FDIC alleges that each of the named defendants routinely and annually approved extended and unsupported lines of credit for themselves while boardmembers of First State Bank. As the FDIC lists six specific instances of unpaid loans by five of the sixteen defendants, the plaintiff has made a showing sufficient to survive a Rule 12(b)(6) motion under the standard set by *Conley* and *Cruz:* it does not appear "beyond doubt" that the FDIC can prove "no set of facts" in support of its claim.

■■■ Defendants argue that the allegations against them should be dismissed because they are precluded by the business judgment rule. It would seem that, under the rule in Texas, noninterested directors cannot be sued absent a showing of *ultra vires* or fraud, *Gearhart Industries v. Smith International Inc.,* 741 F.2d 707 (5th Cir. 1984), or gross negligence, *Jewell v. Sal–O–Dent Lab,* 69 S.W.2d 544 (Tex.Civ.App.—Eastland 1934). However, as the applicability of the rule is "peculiarly a question of fact," it is inappropriate for consideration on

a motion to dismiss. *FSLIC v. Musacchio,* 695 F.Supp. 1053, 1064 (N.D.Cal.1988); *Gilbert v. Bagley,* 492 F.Supp. 714, 738 (M.D.N.C.1980) (applicability depends on the facts as developed at trial); *see, Gearhart* at 721 (rule is a defense); 5A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1357.

■■■ Defendants also argue prescription. The FDIC became the receiver of the bank on August 17, 1989, and filed this suit on August 14, 1992. Under the Texas rule of "adverse domination" as it has been applied to suits brought by the FDIC, a cause of action against corporate directors does not accrue under the state statute of limitations until the defendant directors no longer constitute a majority of the board. *FDIC v. Howse,* 736 F.Supp. 1437, 1441 (S.D.Tex. 1990) (collecting cases). Consequently, the state limitation periods for the tort and contract claims against the defendants in this suit (two years for torts and four years for contracts, Tex.Civ.Prac. & Rem.Code Ann. §§ 16.003 and 16.004 (Vernon 1986)) began to run in 1989. As both the tort and contract claims were still viable at the time the FDIC was appointed receiver of the bank, they come under the federal limitation period prescribed by the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), § 212(d)(14), 12 U.S.C. § 1821(d)(14), that is, three years or the state period, whichever is longer, for torts, and six years or the state period, whichever is longer, for breach of contract, and therefore are not time-barred.[1] *See, FDIC v. Wheat,* 970 F.2d 124, 128 n. 7 (5th Cir.1992); *FDIC v. Howse* at 1444.

### *Order*

ACCORDINGLY, for the reasons stated above, the defendants' motions for reconsideration are DENIED.

---

[1]. This period applies even though the cause of action accrued prior to the passage of FIRREA, *FDIC v. Bancinsure, Inc.,* 770 F.Supp. 496 (D.Minn.1991), and even if the agency became aware of a cause of action before receivership, *RTC v. International Insurance Co.,* 770 F.Supp. 300 (E.D.La.1991). The prescription period can be applied retroactively. *FDIC v. Howse,* 736 F.Supp. 1437, 1446 (S.D.Tex.1990) (collecting cases).